**UNITED STATES, Appellee**

v.

**Edward C. ELLIS, Corporal, U.S. Marine Corps, Appellant.**

No. 96–1177.
Crim.App. No. 95–0789.

U.S. Court of Appeals for the Armed Forces.

Argued March 6, 1997.

Decided Sept. 3, 1997.

Effron, J., filed opinion concurring in part and in the result.

For Appellant: *Lieutenant C.J. McEntee*, JAGC, USNR (argued).

For Appellee: *Lieutenant Commander J.A. Beall*, JAGC, USN (argued); *Colonel Charles Wm. Dorman*, USMC, and *Commander D.H. Myers*, JAGC, USN (on brief); *Lieutenant Commander John R. Livingston, Jr.*, JAGC, USN.

*Opinion of the Court*

COX, Chief Judge:

Appellant was tried by a general court-martial composed of officer members at Camp Pendleton, California. He was found guilty of attempted larceny (2 specifications), conspiracy to commit larceny, larceny, forgery, and using a false armed forces identification card, in violation of Articles 80, 81, 121, 123, and 134, Uniform Code of Military Justice, 10 USC §§ 880, 881, 921, 923, and

934, respectively. He was sentenced to a dishonorable discharge, confinement and forfeiture of $500.00 pay per month for 12 months, and reduction to E–1. The convening authority approved the sentence. The *Court of Criminal Appeals affirmed in an unpublished opinion on May 31, 1996.*

The issue presented for our review* is:

WHETHER APPELLANT HAS BEEN DENIED EFFECTIVE POST–TRIAL REPRESENTATION BECAUSE HIS DEFENSE COUNSEL FAILED TO SUBMIT MATTERS PURSUANT TO RCM 1105 AND 1106.

Appellant was sentenced and began his confinement on August 25, 1993. The military judge authenticated the record of trial on January 18, 1994. The record was forwarded to the detailed defense counsel, as requested by appellant, on April 13, 1994. The staff judge advocate's recommendation was prepared on July 11, 1994. The convening authority took his action on November 17, 1994. There is no record of any clemency submissions being made pursuant to RCM 1105 or RCM 1106, Manual for Courts–Martial, United States (1994 ed.), either from detailed defense counsel or directly from appellant.

As is apparent from the chronology above, appellant was released from confinement well before the convening authority acted on his case. This long delay has gone unchallenged by any of the parties and remains unexplained. Because this is not an issue before us, we make no further inquiry into the circumstances surrounding this portion of the post-trial processing of appellant's case.

No affidavits were submitted either by the defense or the Government to further elaborate on the circumstances surrounding the decision not to submit matters pursuant to RCM 1105 or 1106. Additionally, there is no assertion that trial defense counsel acted contrary to appellant's desires. We therefore are left to review the decision of the Court of Criminal Appeals based solely upon facts found in the record of trial.

After a thorough review of these matters, we are persuaded that appellant has failed to carry his burden of raising ineffective assistance of counsel. In his brief and also at oral argument, appellant alleges that detailed defense counsel was ineffective for failing to direct the convening authority's attention to severe injuries sustained by appellant's wife in an automobile accident that left her temporarily, partially paralyzed and unable to care for their three children. This injury occurred on November 11, 1992, approximately 6 months before the first session of appellant's trial convened on May 27, 1993. The circumstances and effect of these injuries were presented to the members during the sentencing phase of appellant's trial as a matter in mitigation.

Mrs. Ellis testified that she had been hit on the freeway by a drunk driver. She was then in a coma for 2½ weeks and in a rehabilitation center for 3½ months. The accident left her partially paralyzed on her left side, with permanent brain damage and some memory loss. She said it would be another month from the date on which she testified before she would be walking again, which is when she expected to finish therapy. At the end of her testimony, she added the following plea to the members for mercy:

> Please, if you give him [appellant] time in the brig, don't send him right now because I need him right now because without him being there, I can't take care of myself. I have—my kids are home, and I can't take care of them because I'm disabled; so I can't really do anything. You know, it's been hard on me; and then, you know, not only on him but on my kids too. You know, they expect mommy—"Well, mommy, can you do this?" And there is me, "Well, no, I can't do that. I'm sorry." So when he's not around, then they will look at me like, "Well, why don't you get up? Why don't you try?" You know, I try to do as much as I can, but I can't do that much now; and it hurts me more because I can't do it, so please try to give him a less [sic] sentence as possible.

* We granted appellant's petition to review this issue on November 7, 1996.

These are the matters that appellate defense counsel argues detailed defense counsel was ineffective in failing to raise again pursuant to RCM 1105 and 1106. However, at oral argument, appellate defense counsel conceded that appellant's wife had recovered during the initial portion of appellant's confinement. Moreover, because the convening authority took approximately 14 months to take final action, appellant received full pay for the entire time he was confined. Thus, the forfeiture portion of his sentence was never effected.

■ "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984) (citation omitted). "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690, 104 S.Ct. at 2066.

■ The question of ineffectiveness may be properly raised as to pretrial, trial, and post-trial strategy. *United States v. Fluellen,* 40 MJ 96, 98 (CMA 1994), citing *United States v. Spurlin,* 33 MJ 443 (CMA 1991), and *United States v. Scott,* 24 MJ 186 (CMA 1987). However, the burden is on an appellant to come forward with a showing as to why he is entitled to relief. *Strickland, supra* at 694, 104 S.Ct. at 2068; *United States v. Bono,* 26 MJ 240, 242 (CMA 1988).

Based on the state of the record before us, it is impossible to tell whether, at the time the convening authority acted, there were any current clemency matters to consider. The record lacks a statement from appellant asserting that trial defense counsel acted contrary to his desires, and there is no evidence to suggest trial defense counsel was deficient in failing to submit clemency matters. We also have not been presented with an explanation of how submission of this apparently moot consideration to the conven-

ing authority would have affected any decision regarding clemency.

In the absence of an affidavit from appellant, we have virtually no record on which to judge appellant's assertion. Therefore, we are reluctant to invade the lawyer-client privilege by ordering an explanation from trial defense counsel until appellant **personally** (not merely through argument of appellate counsel) attacks his counsel.

The evidence suggests that Mrs. Ellis was expected to recover shortly after appellant began to serve his confinement, and appellate defense counsel conceded at oral argument that, in fact, her recovery did occur. Thus, at the time of trial, it may have been more beneficial and appropriate for trial defense counsel to seek a deferment of confinement until such time that appellant's wife would be better able to cope with the daily demands of housekeeping and child care. *See* RCM 1101(c).

With only the arguments of appellate counsel before us but no affidavit from appellant, we have no evidence to overcome the presumption that the absence of a post-trial submission was based on sound tactical reasons. Appellant has not met the burden of establishing why he is entitled to relief. *See United States v. Lewis,* 42 MJ 1, 6 (1995) (trial defense counsel not compelled to justify actions until court determines that "the allegation and the record contain evidence which, if unrebutted, would overcome the presumption of competence").

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.

Judges SULLIVAN, CRAWFORD, and GIERKE concur.

EFFRON, Judge (concurring in part and in the result):

Although I agree with much of the majority opinion, I do not agree with its speculation concerning possible tactical reasons for defense counsel's failure to make any clemency submissions to the convening authority during post-trial processing of this case. This is a situation in which defense counsel, for no

apparent tactical reason, failed to bring sympathetic clemency materials to the attention of the convening authority prior to the convening authority's action. As this Court has emphasized, the convening authority's action is an accused's last "best hope for sentence relief." *See United States v. Jones,* 36 MJ 438, 439 (CMA 1993), quoting *United States v. Bono,* 26 MJ 240, 243 n. 3 (CMA 1988).

As noted by the Court of Criminal Appeals, appellant's wife testified on sentencing that she suffered "permanent brain damage resulting from being rear-ended by a drunk driver on a freeway" and that "[b]ecause of her medical condition, the family was deeply in debt." Unpub. op. at 4. Despite such sympathetic clemency information, defense counsel made no attempt to persuade the convening authority to grant any clemency with respect to appellant's sentence to a dishonorable discharge, confinement and partial forfeitures for 12 months, and reduction to the lowest enlisted grade.

Trial defense counsel submitted no petition for clemency under RCM 1105, Manual for Courts–Martial, United States (1994 ed.), and failed to respond to the staff judge advocate's (SJA) recommendation under RCM 1106 that the convening authority approve the adjudged sentence. Such submissions entail virtually no risk, because the convening authority cannot increase the severity of an accused's punishment. RCM 1107(d)(1).

Under *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984), and its progeny, counsel's competence is presumed, and the burden falls on an appellant to demonstrate that counsel's acts or omissions were outside the range of professionally competent assistance. The majority opinion speculates that defense counsel might have seen an advantage in the posttrial delays because, under the law then in effect, appellant continued to receive pay and allowances until the convening authority took final action. Whatever tactical advantages may have flowed from such delays, there was no further advantage to be gained through inaction once the convening authority was prepared to act on the sentence. Trial defense counsel's failure to make any effort on his client's behalf under RCM 1105 or 1106 prior to the convening authority's action appears to be inexplicable, and a substantial argument can be made that at that point— under the particular circumstances of this case—counsel's performance was outside the range of professionally competent assistance.

*Strickland,* however, requires more than a showing that counsel's performance was deficient. Appellant also must show that the deficiency prejudiced him by denying him a fair proceeding—in this case, fair consideration by the convening authority. *Id.* at 692, 104 S.Ct. at 2067. I agree with the majority insofar as it relies upon appellant's failure to meet this aspect of the *Strickland* test. Appellant has not provided any information as to the financial condition of his family at the time of the convening authority's action, and the information concerning the long-term effects on his wife is sketchy at best. We do not know whether the issues raised 12 months earlier at trial remained serious or largely were moot at the time of the convening authority's action.

These matters involve facts that were and are uniquely available to appellant. In the absence of any presentation to this Court by appellant as to what facts he would have presented to the convening authority in a clemency petition or response to the SJA recommendation, I agree that he cannot meet the prejudice element of *Strickland*'s two-pronged test.