# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 MICHAEL D. HUDSON**
**United States Army, Appellant**

ARMY 20120524

Seventh U.S. Army Joint Multinational Training Command
Christopher T. Fredrikson, Military Judge
Lieutenant Colonel David E. Mendelson, Staff Judge Advocate
(pretrial & addendum)
Major John L. Kiel, Jr., Acting Staff Judge Advocate (recommendation)

For Appellant:  Major Richard E. Gorini, JA; Captain Robert N. Michaels, JA.

For Appellee:  Lieutenant Colonel Amber J. Roach, JA.

30 April 2013

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, consistent with his pleas, of conspiracy to distribute a controlled substance, absence without leave, two specifications of wrongful distribution of methamphetamines, and two specifications of wrongful distribution of marijuana, in violation of Articles 81, 86, and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 886, 912a (2006) [hereinafter UCMJ].  Appellant was sentenced to a bad-conduct discharge, confinement for sixteen months, and reduction to the grade of E-1.  The convening authority approved a sentence of a bad-conduct discharge, confinement for fourteen months, and reduction to the grade of E-1, and credited appellant with 157 days confinement against his approved sentence to confinement.

Appellate defense counsel submitted appellant's case on its merits to this court for review pursuant to Article 66, UCMJ.  Although appellate defense counsel did not assign any errors, appellant personally submitted matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).  In his *Grostefon* submission,

appellant alleges that his trial defense counsel, Captain (CPT) CC, was ineffective because, *inter alia*, he failed to properly investigate appellant's mental health, failed to request a mental capacity/responsibility inquiry pursuant to Rule for Courts-Martial [hereinafter R.C.M.] 706, and advised appellant to "take some of the [Post-Traumatic Stress Disorder (PTSD)] references out of" any unsworn statement rendered during the presentencing phase of appellant's court-martial. Appellant signed a declaration under the penalty of perjury to this effect, and we attached it to the record.

## LAW

"In assessing the effectiveness of counsel we apply the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and begin with the presumption of competence announced in *United States v. Cronic*, 466 U.S. 648, 658 (1984)." *United States v. Gooch*, 69 M.J. 353, 361 (C.A.A.F. 2011). To establish ineffective assistance of counsel, the *Strickland* standard requires appellant to demonstrate "both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *United States v. Green*, 68 M.J. 360, 361 (C.A.A.F. 2010) (citing *Strickland*, 466 U.S. at 687). Because appellant pleaded guilty, "in order to satisfy the 'prejudice' requirement, [appellant] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In *United States v. Ginn*, 47 M.J. 236, 244–45 (C.A.A.F. 1997), our superior court held that if a post-trial allegation of ineffective assistance of counsel is raised for the first time on appeal in a guilty-plea case, and the "post-trial allegation of fact covers a matter within the record of the earlier plea and no reason is proffered for rejecting the earlier contrary assertion by appellant, the allegation can be summarily rejected as inherently incredible, and no hearing need be ordered." The court in *Ginn* also provided six principles for determining when a service court may decide a legal issue on the basis of post-trial affidavits:

> First, if the facts alleged in the affidavit allege an error that would not result in relief even if any factual dispute were resolved in appellant's favor, the claim may be rejected on that basis.

> Second, if the affidavit does not set forth specific facts but consists instead of speculative or conclusory observations, the claim may be rejected on that basis.

> Third, if the affidavit is factually adequate on its face to state a claim of legal error and the Government either does not contest the relevant facts or offers an affidavit that expressly

2

agrees with those facts, the court can proceed to decide the legal issue on the basis of those uncontroverted facts.

Fourth, if the affidavit is factually adequate on its face but the appellate filings and the record as a whole "compellingly demonstrate" the improbability of those facts, the Court may discount those factual assertions and decide the legal issue.

Fifth, when an appellate claim of ineffective representation contradicts a matter that is within the record of a guilty plea, an appellate court may decide the issue on the basis of the appellate file and record (including the admissions made in the plea inquiry at trial and appellant's expression of satisfaction with counsel at trial) unless the appellant sets forth facts that would rationally explain why he would have made such statements at trial but not upon appeal.

Sixth, the Court of Criminal Appeals is required to order a factfinding hearing only when the above-stated circumstances are not met. In such circumstances the court must remand the case to the trial level for a [*United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967),] proceeding. During appellate review of the *DuBay* proceeding, the court may exercise its Article 66 factfinding power and decide the legal issue.

*Id*. at 248

## DISCUSSION

Appellant's allegations of ineffectiveness all involve CPT CC's representation in light of appellant's PTSD diagnosis. Appellant avers that he was diagnosed with severe PTSD and that he informed CPT CC of that fact. In light of his diagnosis, appellant argues that CPT CC should have done more to both investigate and utilize that information. However, we find CPT CC's investigation was reasonable and his representation was effective.

Although appellant filed a declaration supporting his allegations of ineffectiveness, it is unnecessary to order a response from his trial defense counsel in this case. *See United States v. Ellis*, 47 M.J. 20, 22 (C.A.A.F. 1997); *United States v. Lewis*, 42 M.J. 1, 6 (C.A.A.F. 1995). The first, second, fourth, and fifth *Ginn* factors are relevant to our discussion. After considering these factors, we find that CPT CC's performance was not deficient, and appellant was not prejudiced as he does not aver that he would have changed his plea in this case. *Ginn*, 47 M.J. at 247. A review of the record demonstrates CPT CC investigated appellant's mental

health issues, and discussed the possible defenses relevant to appellant's PTSD diagnosis. He also relied extensively on appellant's PTSD diagnosis, its causes, and his resulting drug dependency tied to his PTSD treatment for extenuation and mitigation purposes.

Although CPT CC did not interview appellant's treating physicians, the record reveals that he did properly investigate the particulars of appellant's diagnosis. The military judge and CPT CC engaged in a discussion on the record in which CPT CC stated that he provided appellant's mental health records to Dr. NV, a mental-health professional at the local behavioral health clinic, who then provided CPT CC with an assessment as to the severity of appellant's PTSD. Doctor NV's assessment was that appellant's PTSD was not severe, and it did not constitute a severe mental disease or defect. Based on this opinion, CPT CC stated that he did not believe a R.C.M. 706 inquiry was required. Moreover, appellant stated on the record that his PTSD was not so severe that it would constitute a defense to the charged offenses:

> MJ: Okay. I do understand that you have PTSD . . . . After discussing with your defense counsel, this issue, do you believe that you have a severe mental disease or defect?
>
> ACC: No, Your Honor.
>
> MJ: And I explained to you the defense of lack of mental responsibility before. . . . [A]t the time you committed all of these offenses, do you believe that you were able to appreciate the nature and quality or wrongfulness of your actions?
>
> ACC: Yes, Your Honor.
>
> MJ: Did you understand what you were doing at the time of all these charged offenses?
>
> ACC: Yes, Your Honor.
>
> MJ: Did you understand what you were doing at the time of these charged offenses was wrong?
>
> ACC: Yes, Your Honor.
> . . . .
> MJ: . . . [D]o you believe the defense of lack of mental responsibility applies in your case?
> ACC: No, Your Honor.

From the foregoing, it is clear that CPT CC sufficiently investigated appellant's case. Although appellant criticizes the thoroughness of CPT CC's pretrial investigation, he does not offer any evidence or information that CPT CC failed to uncover or should have presented. Based on his investigation, CPT CC made certain tactical decisions, one of which was not to request an inquiry pursuant to R.C.M. 706. Appellant was aware of this decision and concurred in the assessment that his PTSD did not amount to a severe mental disease or defect. Even now, appellant does not claim that he would have pleaded not guilty and insisted on going to trial had CPT CC done more. Ultimately, appellant's assertions about CPT CC's investigation consist only of conclusory observations and do not set forth specific facts supporting his claim. Furthermore, although appellant now avers he has severe PTSD, the record—to include appellant's own discussion with the military judge about this very issue—compellingly demonstrates otherwise.

We also reject appellant's assertions that CPT CC did not effectively use appellant's mental health diagnosis during presentencing. After appellant entered pleas of guilty, CPT CC infused references to appellant's PTSD throughout the presentencing case, presenting appellant's mental health as a matter in extenuation and mitigation. The most serious charges leveled against appellant concerned his distribution of methamphetamines. In extenuation, CPT CC inserted extensive information regarding appellant's PTSD into the stipulation of fact, to include that appellant "became psychologically and physically dependent on illegal drugs after his behavioral health treatments became less effective and he was bothered with nightmares, trouble sleeping, flashbacks, blackouts, and emotional stress." Finally, appellant referenced his PTSD in his unsworn statement, stating: "Behavioral health has tried medication and therapy to help me in my recovery from PTSD and anxiety, but with no success. Unfortunately, when I have—when I had no other way to turn, I began to self-medicate. And I committed these offenses to maintain that self-medication."

Accordingly, given the appellate filings, the record as a whole, and in light of appellant's plea of guilty, we hold further proceedings pursuant to *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967) are unnecessary. Appellant received effective assistance of counsel.

## CONCLUSION

On consideration of the entire record and the matters personally submitted by appellant pursuant to *Grostefon*, we find appellant's arguments to be without merit. We hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

HUDSON—ARMY 20120524



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court