KRAUSS, Judge,
with whom Senior Judge YOB and Judge BURTON join,
concurring in the result:
I disagree with the majority opinion but concur in the result because, though the majority does not address the issue, appellant here fails to make a colorable showing of possible prejudice.
The court’s rationale and holding are contrary to established precedent, unnecessary for the proper resolution of the issues at hand, and accepting of practices that fall beneath that which we expect of both trial defense counsel and staff judge advocates (SJAs).
Appellant’s Post-Trial and Appellate Rights (PTAR) form was attached to the record as an appellate exhibit, reviewed by the judge with appellant on the record and includes an explicit election to request deferment. Precedent of both our superior court and this court require that we consider allegations of prejudicial deficiencies in post-trial processing when those allegations are based on the record of trial or assertions by affidavit. United States v. Ellis, 47 M.J. 20, 22 (C.A.A.F.1997); United States v. Gunderman, 67 M.J. 683, 686 (Army Ct.Crim.App.2009) (“To be admissible before this court, factual assertions must be contained in an appellate record of trial or admitted in a proper form.... However, assertions of fact, even from an appellant, must either be contained in the record or offered in an admissible form.”). If the allegation is supported by the record, there is no need for appellant to submit an affidavit. Ellis, 47 M.J. at 22. The court in Ellis, for example, refused to order an affidavit from defense counsel, stating: “Based on the state of the record before us, it is impossible to tell whether, at the time the convening authority acted, there were any current clemency matters to consider. The record lacks a statement from appellant asserting that trial defense counsel acted contrary to his desires, and there is no evidence to suggest trial defense counsel was deficient in failing to submit clemency matters.” Id. Here it is not impossible to tell whether there was a request for the convening authority to consider, and the fact that none was presented is evidence suggesting that trial defense counsel was deficient.
Defense counsel are required to submit the post-trial matters that their clients want to submit, even over defense counsel’s objection after necessary consultation. United States v. Hicks, 47 M.J. 90, 93 (C.A.A.F.1997); United States v. Lewis, 42 M.J. 1, 4 (C.A.A.F.1995); United States v. Clemente, 51 M.J. 547, 551 (Army Ct.Crim.App.1997). Concomitantly, SJAs are obligated to present those matters to the convening authority. Uniform Code of Military Justice art. 60(c)(2), 10 U.S.C. § 860(c)(2) (2006); United States v. Craig, 28 M.J. 321, 324-25 (C.M.A. 1989); United States v. Hallums, 26 M.J. 838, 841 (A.C.M.R.1988); Rules for Courts-Martial [hereinafter R.C.M.] 1101(c) and (d); 1107(b)(3)(A)(iii). When, on the record, an appellant explicitly requests submission of a request for deferment to the convening authority and there is no indication on the record that the request was submitted, error, whether it be defense counsel deficiency or SJA failure, is established. See Ellis, 47 M.J. at 22; United States v. Fordyce, 69 M.J. 501, 505 (Army Ct.Crim.App.2010) (en banc).
Here appellant explicitly requested submission of requests for deferment of automatic forfeitures and confinement. This election was made on the record, by use of a form prompted by this court’s precedent, attached as an appellate exhibit, reviewed by the judge with appellant on the record, and endorsed by appellant on the record. See Fordyce, 69 M.J. at 504 n. 2, 505-06.
On the most relevant part of the PTAR form, for purposes of this case, appellant indicated the following:
12. I have read and had my post-trial rights explained to me by counsel and I *669 acknowledge these rights and make the elections set forth below.
a. I understand my post-trial and appellate rights.
b. I understand that a copy of the authenticated record of trial will be served on me, or if I so request, will be forwarded to my defense counsel pursuant to ROM 1104(b).

Select only one of the following three numbered options. Option (S) is the recommended best option in most cases.

(3) I want the record of trial sent to me AND I request that my defense counsel CPT [MF] be provided a copy at the same time I receive my copy in order to expedite preparation of post-trial matters.
c. I further understand that individual copies of the staff judge advocate’s post trial recommendation will be served on me and my defense counsel pursuant to ROM 1106(f).
d. My defense counsel, CPT [MF], will submit R.C.M. 1105 and 1106 matters in my case if I desire. I further understand that I must stay in contact with this counsel to assist him in collecting and preparing the matters for submission.
e. ... I do want to request deferment of automatic and adjudged forfeitures.
f. .. .1 do not want to request deferment of an adjudged reduction in rank.
g. ... I do not request my defense counsel to petition the convening authority to waive automatic forfeitures ....
h. ... If sentenced to confinement, I want my defense counsel to request deferment of confinement.
(App.Ex. VI) (boldface emphasis added).
The record reveals neither submission of any requests for deferment to the convening authority nor indication that appellant either withdrew or decided against submitting any request. Rather than accept the record, the majority creates a moment “fixed in time” outside of which appellant’s election to request deferment of automatic and adjudged forfeitures loses any meaning. Appellant’s understanding of his post-trial and appellate rights are not so fixed in time as the majority relies on the remainder of the form to establish that understanding. In any event, despite this record, the majority requires appellant to submit an affidavit swearing that he meant what he said on the record in order to properly allege the error here. Contra Ellis, 47 M.J. at 22; Gunderman, 67 M.J. at 686.
The majority’s worry over invasion of the attorney-client privilege, absent an affidavit from appellant averring ineffective assistance of counsel is also misplaced. First, as just described, the record contains information sufficient to establish a deficiency on part of defense counsel. See United States v. Melson, 66 M.J. 346, 350-51 (C.A.A.F.2008); United States v. Lewis, 42 M.J. 1, 5-6 (C.A.A.F.1995). The majority relies on the Ellis decision; however, as stated above, that court based its decision on the lack of any evidence of deficiency in the record and it also based its decision on the fact that “there was no assertion that trial defense counsel acted contrary to appellant’s desires.” Ellis, 47 M.J. at 21-22. Here there is evidence of deficiency and appellant bluntly asserts that his trial defense counsel acted contrary to his explicit direction — an explicit election that appellant made on the record in the exact fashion this court previously recommended in order to obviate the need for the sort of litigation we see in this case. Fordyce, 69 M.J. at 504 n. 2.
Secondly, defense counsel is not gagged by the fact that appellant has not formally stylized his assertion as ineffective assistance of counsel. Appellant waived the attorney-client privilege as to the deferment issue by asserting that “[h]is trial defense counsel failed to submit [his request for deferment] to the convening authority as directed” with proper support from the record.[1] This effectively asserts a breach of duty. There is no *670 lawyer-client privilege “[a]s to a communication relevant to an issue of breach of duty by the lawyer to the client.” Mil. R. Evid. 502(d)(3). “A lawyer may reveal such information to the extent the lawyer reasonably believes necessary ... to respond to allegations in any proceeding concerning the lawyer’s representation of the client.” Army Reg. 27-26, Legal Services: Rules of Professional Conduct for Lawyers, Rule 1.6(c) (1 May 1992). Therefore, this court may lawfully order appellant’s defense counsel to submit an affidavit to address appellant’s allegation. See Melson, 66 M.J. at 350-51.
However, we need not do so. Following Fordyce, we may find deficiency in the government’s post-trial handling of appellant’s case. In receipt of appellant’s requests for deferment included on Appellate Exhibit VI (the PTAR), and absent any further supporting documents from the defense, the SJA should at a minimum present the request to the convening authority with a recommendation for approval or disapproval in his addendum to the post-trial recommendation. Upon review of the record of trial, including the PTAR, and absent any follow-up from defense counsel, the SJA should ascertain from the defense whether any follow-up documentation is forthcoming and convey that, if not, the request would be presented to the convening authority with recommendation as is, unless, of course, withdrawal of the request is indicated. Fordyce, 69 M.J. at 504; R.C.M. 1101(c); 1107(b)(3)(A)(iii).
Of course, the defense counsel should not leave the record silent in light of a client’s explicit election to request deferment. At a minimum, counsel should either submit documents supporting the request, indicate in the record that no further documents in support will be provided, or that, despite the earlier election, his client withdraws his request for deferment.[2] Fordyce, 69 M.J. at 505. Then, indeed, the presumption of defense counsel’s competence goes undisturbed.
These are minimal burdens on defense and government. Fulfillment of this expectation perfects the record, upholds and maintains certain minimal professional standards, ensures the proper process and respect for appellant’s post-trial interests, and, when fulfilled, obviates the need for any order and adjudication of potentially competing affidavits.
Rather than protect and enforce the integrity of the record, the majority here invites the unnecessary delay and litigation historically associated with these matters by requiring appellant to submit an affidavit.
This case should be decided on the absence of prejudice. The majority seems to acknowledge that an appellant might be able to show prejudice on a record such as this but the opinion does not address the matter. While the threshold is low, appellant must still make a colorable showing of possible prejudice. United States v. Lee, 52 M.J. 51, 53 (C.A.A.F.1999). While that may indeed be by affidavit, it may also be by reference to the record. See Fordyce, 69 M.J. at 504; Gunderman, 67 M.J. at 687-88. Here appellant makes absolutely no showing of possible prejudice. There is nothing in the record to suggest that appellant might offer any sufficient rationale to support any such request to the convening authority, for example, dependent needs, etc. See, e.g., Fordyce, 69 M.J. at 504. Devoid of any allegation or record of such possible prejudice, appellant’s complaint lacks merit and should be rejected. Id.
Therefore, I concur in the result.

. Waiver of the lawyer-client privilege does not require averment couched in any particular legal framework such as "ineffective assistance of counsel.” See Military Rule of Evidence [hereinafter Mil. R. Evid.] 502.

. It should also be understood that while nothing requires an accused to make an explicit election on the record, once the record of an accused’s choice is made counsel must complete his duty.