# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
PEDE, YOB and KRAUSS
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist BRENDAN D. THOMPSON**
**United States Army, Appellant**

ARMY 20111176

Headquarters, I Corps (Rear) (Provisional)
Kwasi Hawks, Military Judge
Colonel Kurt A Didier, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Imogene Jamison, JA; Captain Robert Feldmeier, JA (on brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA; Major Robert A. Rodrigues, JA; Captain Daniel H. Karna, JA (on brief).

19 December 2013

--------------------------------
SUMMARY DISPOSITION
--------------------------------

YOB, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of attempted larceny of U.S. currency in an amount less than $500; one specification of attempted larceny of U.S. currency in an amount in excess of $500; eight specifications of conspiracy to commit larceny of U.S. currency in an amount in excess of $500; nine specifications of larceny of U.S. currency in an amount less than $500; twenty-seven specifications of larceny of U.S. currency in an amount in excess of $500; and one specification of bank fraud, in violation of Articles 80, 81, 121, and 134,[1] UCMJ, 10 U.S.C. §§ 880, 881, 921, 934 (2006).  The military judge sentenced appellant to confinement for twenty-eight months.  The convening authority approved the adjudged sentence.

---

[1] Appellant was charged with and convicted of bank fraud, 18 U.S.C. § 1344, under all three clauses of Article 134, Uniform Code of Military Justice [hereinafter UCMJ].

This case is before the court for review under Article 66, UCMJ. We have considered the record of trial and the written briefs of the parties in which appellant raises one assignment of error alleging ineffective assistance of counsel due to his defense counsel's failure to include certain letters from family members in appellant's post-trial clemency matters. We find this assignment of error to be without merit. Appellant has failed to establish any grounds for his ineffective assistance of counsel claim, given that he does not support the assignment of error through an affidavit or personal statement, and there is insufficient evidence in the record to support this assertion. *See United States v. Ellis*, 47 M.J. 20, 22 (C.A.A.F. 1997). Appellant never provides an adequate description of the information that would have been included in these statements from family members, or how they could have affected his petition for clemency before the convening authority. *See id.* Appellant also fails to make a colorable showing of prejudice necessary to prevail on an ineffective assistance of counsel claim in the post-trial phase of his court-martial. *See United States v. Fordyce*, 69 M.J. 501, 504 (Army Ct. Crim. App. 2010) (citing *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998)); *United States v. Foxx*, 72 M.J. 633, 641 (Army Ct. Crim. App. 2013) (citing *United States v. Clemente*, 51 M.J. 547, 551-52 (Army Ct. Crim. App. 1999)).

We have also considered the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find them to be without merit.

While not raised as an assignment of error by appellant, we find it necessary to disapprove the finding of guilty of the Specification of Charge IV, which alleged a violation of the federal bank fraud offense, codified at 18 U.S.C. § 1344. A guilty plea will be set aside only if we find a substantial basis in law or fact to question the plea. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008) (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). The court applies this "substantial basis" test by determining whether the record raises a substantial question about the factual basis of appellant's guilty plea or the law underpinning the plea. *Id.*; *see also* UCMJ art. 45; Rule for Courts-Martial 910(e).

The federal bank fraud statute requires proof that appellant "knowingly execute[d], or attempt[ed] to execute, a scheme or artifice to (1) defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises." 18 U.S.C. § 1344. Federal courts interpreting this statute have held that the government need not prove an accused had the specific intent to victimize a particular financial institution through a fraudulent scheme, "so long as [the accused] intended to defraud some financial institution." *United States v. Brandon*, 17 F.3d 409, 426 (1st Cir. 1994).

During appellant's providence inquiry, the military judge failed to adequately explain to appellant that an element of the federal bank fraud statute requires proof appellant intended to defraud a *financial institution*. The military judge then failed to elicit from appellant whether appellant knew at the time he committed the fraud that the victim he was defrauding was a financial institution. The providence inquiry contains the following exchange:

> MJ:  Do you agree with me that CFNA also had that kind of – the federal government had recognized it as a bank?
>
> ACC:  Yes, from what I know of the bank now, yes, it is a bank.
>
> MJ:  And for this one, a lot of these things what matters is what you knew at the time, but for this one what matters is that whether you knew it or not.  So sitting here right now, did you know that CFNA is a –
>
> ACC: Right now sitting here, yes, it is a bank.
>
> MJ:  And on page nineteen of the stip it says, "Credit First National Association is a federally chartered banking institution."  Do you agree that that's true?
>
> ACC: Yes, your honor.
>
> MJ: Counsel, do you believe any further inquiry is necessary on any specification?
>
> TC: No, Your Honor.
>
> DC: No, sir.

It is clear from this exchange that appellant admitted to nothing more than realizing at the time of trial that the party he defrauded was a banking institution.

It is also apparent counsel declined the opportunity to request that the military judge conduct further inquiry to clarify at what point in time appellant knew the victim of his fraud was a financial institution. Given the confusion resulting from the providence inquiry on this issue, and the parties' agreement in the stipulation of fact that: "Although the accused knew that the money did not belong to him, he never knew the account belonged to CFNA or any other financial institution," the record provides no basis for a finding that appellant met the knowledge requirement necessary for a finding of guilty to the bank fraud charge. As a result, we find a

substantial basis in law and fact to question the providence of the plea to this charge and must disapprove the finding of guilty of Charge IV and its specification.[2]

Therefore, on consideration of the entire record, to include those matters raised by appellant pursuant to *Grostefon,* we disapprove the findings of guilty of Charge IV and its specification. We find the remaining findings of guilty correct in law and fact. Accordingly, Charge IV and its specification are dismissed; the remaining findings of guilty are affirmed.

Despite our disapproval of the findings of guilty of Charge IV and its specification, we are confident that under the circumstances of this case, we can reassess the sentence rather than return the matter for a rehearing. *See United States v. Sales,* 22 M.J. 305 (C.M.A. 1986). Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales, id.*, and the factors set forth in *United States v. Winckelmann*, ___ M.J.___, slip. op. at 12-13 (C.A.A.F. 18 Dec. 2013), the sentence as approved by the convening authority is affirmed. All rights, privileges, and property, of which appellant has been deprived by virtue of the findings of guilty set aside by the decision, are ordered restored.

Chief Judge PEDE and Judge KRAUSS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[2] We recognize that Charge IV and its specification also alleged appellant's conduct was prejudicial to good order and discipline in the armed forces or of a nature to bring discredit upon the armed forces. We find no basis to find appellant guilty of a clause (1) or clause (2), Article 134, UCMJ, violation given the lack of evidence in the record concerning these theories of liability and the failure of appellant to admit to the elements of those offenses during his providence inquiry.