# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, FEBBO, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 ANTHONY C. TONEY**
**United States Army, Appellant**

ARMY 20150565

Headquarters, Fort Campbell
James W. Herring, Jr., Military Judge (arraignment)
Matthew A. Calarco, Military Judge (trial)
Colonel Susan K. Arnold, Staff Judge Advocate

For Appellant: Lieutenant Colonel Melissa R. Covolesky, JA; Captain Heather Tregle, JA; Captain Michael A. Gold, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Anne C. Hsieh, JA; Major Edward J. Whitford, JA (on brief).

3 January 2017

------------------------------------
SUMMARY DISPOSITION
------------------------------------

BURTON, Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of sexual assault in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. §920 (2012 & Supp. I 2014) [hereinafter UCMJ]. The military judge sentenced appellant to a dishonorable discharge and confinement for four years. The convening authority approved the findings and sentence as adjudged.

We now review appellant's case under Article 66, UCMJ. In his sole assignment of error, appellant alleges the military judge committed plain error by failing to find Specification 1 and 2 of The Charge were an unreasonable multiplication of charges for purposes of findings. We agree and provide relief in our decretal paragraph. Appellant personally raised matters pursuant to *United*

*States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) which we find, after due consideration, to be without merit.\*

## LAW AND DISCUSSION

Appellant was found guilty, of the following violations of Article 120, UCMJ:

> Specification 1 (Sexual Assault):  In that [appellant], U.S. Army, did, at or near Fort Campbell, Kentucky, on or about 29 August 2014, commit a sexual act upon [PFC D.S.W.], to wit:  penetrating her vulva with his penis,

---

\* In his personally assigned errors, appellant asserts his trial defense counsel were ineffective because they admitted a stipulation of expected testimony, incorrectly relied on appellant's voluntary intoxication as a defense, failed to impeach the victim with her Article 32 testimony that she remembered having sex with appellant, and failed to impeach the victim's sentencing testimony with evidence that she engaged in drunken sexual intercourse with another individual the very next evening.  Appellant submitted no additional affidavits, unsworn declarations made under penalty of perjury, or any signed statements directly supporting his specific claim of ineffective assistance.  *See United States v. Axtell*, 72 M.J. 662, 665-66 (Army Ct. Crim. App. 2013).  *See also United States v. Gunderman*, 67 M.J. 683 (Army Ct. Crim. App. 2009), and *United States v. Ellis*, 47 M.J. 20, 22 (C.A.A.F. 1997).  In reference to the stipulation of expected testimony, appellant signed the stipulation.  Appellant acknowledged that he had read through the stipulation, understood the contents, and agreed with the contents.  Further appellant stated that his defense counsel explained the stipulation to him before he signed it, he understood he had an absolute right to refuse to stipulate, and that he had entered the stipulation because he believed it was in his best interest to do so.  After the military judge explained how the stipulation would be used, appellant indicated that he still desired to enter into the stipulation.  His remaining allegation relates to trial tactics.  As a general matter we "'will not second guess the strategic or tactical decisions made at trial by defense counsel.'"  *United States v. Anderson*, 55 M.J. 198, 202 (C.A.A.F. 2001) (quoting *United States v. Morgan*, 37 M.J. 407, 410 (C.M.A. 1993).  Under the circumstances of this case, we see no need to order affidavits from counsel or a fact-finding hearing pursuant to *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967).  The facts in appellant's allegations—even if true— "would not result in relief."  *United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997).  Furthermore, "the appellate filings and the record as a whole 'compellingly demonstrate' the improbability of [appellant's allegations]."  *Id*.  Applying the first, fourth and fifth *Ginn* principles to appellant's unsworn submission, we reject appellant's ineffective assistance claim.

when she was incapable of consenting to the sexual act due to impairment by an intoxicant, and that condition was known or reasonably should have been known by the [appellant].

Specification 2 [Sexual Assault]: In that [appellant], U.S. Army, did, at or near Fort Campbell, Kentucky, on or about 29 August 2014, commit a sexual act upon [PFC D.S.W.], to wit: penetrating her vulva with his penis, when [appellant] knew or reasonably should have known that she was asleep and unconscious.

### *Unreasonable Multiplication of Charges*

Appellant was found guilty of the Specifications of The Charge delineated above. These specifications stem from appellant attending a party in the barracks where alcohol was consumed. Witnesses testified that Private First Class (PFC) D.S.W. was drunk, she was slurring her words, could not walk without assistance and was much louder than normal. Appellant was with the group of soldiers that carried PFC D.S.W. to her barracks room and put her to bed. At some point after PFC D.S.W. was in bed appellant engaged in one act of sexual intercourse with her.

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." Rule for Courts-Martial 307(c)(4). We consider five factors to determine whether charges have been unreasonably multiplied:

(1) Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?;

(2) Is each charge and specification aimed at distinctly separate criminal acts?;

(3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?;

(4) Does the number of charges and specifications [unreasonably] increase [the] appellant's punitive exposure?;

(5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

*United States v. Quiroz*, 55 M.J. 334, 338-39 (C.A.A.F. 2001) (internal citation and quotation marks omitted) (internal alteration reflects the holding in *Quiroz* that "unreasonably" will be utilized instead of "unfairly").

Here, the *Quiroz* factors on balance weigh in favor of appellant. First, defense counsel did not object at trial that the specifications constituted an unreasonable multiplication of charges. This factor weighs in favor of the government. Regarding the second *Quiroz* factor, Specifications 1 and 2 of The Charge were aimed at the same criminal act, appellant's sexual intercourse with PFC D.S.W. on 29 August 2014. This factor weighs in favor of appellant. Regarding the third factor, findings of guilty against appellant for both of the specifications delineated above exaggerates appellant's criminality. This factor weighs in favor of appellant. Regarding the fourth factor, appellant's punitive exposure is not unreasonably increased for this conduct because the military judge merged the specifications in question for sentencing. This factor weighs in favor of the government. Finally, there is no evidence of prosecution overreaching or abuse in the drafting of the charges, so the fifth factor weighs in favor of the government. On balance, we find the *Quiroz* factors weigh slightly in favor of appellant. Accordingly, Specifications 1 and 2 of The Charge will be merged.

**CONCLUSION**

After consideration of the entire record of trial and appellant's assignment of error, Specifications 1 and 2 of The Charge are consolidated into a single specification, the Specification of The Charge, to read as follows:

> In that [appellant], U.S. Army, did, at or near Fort
> Campbell, Kentucky, on or about 29 August 2014, commit
> a sexual act upon PFC D.S.W., to wit: penetrating her
> vulva with his penis, when [appellant] knew or reasonably
> should have known that she was asleep and unconscious
> and she was incapable of consenting to the sexual act due
> to impairment by an intoxicant, and that condition was
> known or reasonably should have been known by
> [appellant].

The finding of guilty of Specification 2 of The Charge is set aside and is DISMISSED. The finding of guilty of the Specification of The Charge, as so amended, is AFFIRMED.

Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), we AFFIRM the sentence. All rights, privileges, and property,

TONEY—ARMY 20150565

of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

Senior Judge TOZZI and Judge FEBBO concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

5