# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CELTNIEKS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Major MICHAEL D. THOMPSON**
**United States Army, Appellant**

ARMY 20140974

Headquarters, Fort Bliss
Timothy P. Hayes, Military Judge (arraignment)
Michael J. Hargis, Military Judge (trial)
Colonel Karen H. Carlisle, Staff Judge Advocate

For Appellant: Captain Katherine L. DePaul, JA; Mr. Leonard Morales, Esquire (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Cormac M. Smith, JA; Captain Linda Chavez, JA (on brief).

6 January 2017

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A panel of officers sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of willfully disobeying a superior commissioned officer, seven specifications of rape, one specification of assault consummated by battery, and six specifications of conduct unbecoming an officer in violation of Articles 90, 120, 128 and 133, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 920, 928, and 933 (2006 & 2012) [hereinafter UCMJ].  The panel sentenced appellant to confinement for sixteen years.  The convening authority approved the sentence as adjudged.

This case is before us for review pursuant to Article 66, UCMJ.  Appellant asserts two assignments of error, only one of which warrants discussion but no relief.  We have considered the five assignments of error personally raised by the

THOMPSON—ARMY 20140974

appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find they lack merit.[*]

## BACKGROUND

Appellant stands convicted of sexually assaulting his wives, Major (MAJ) YL and Ms. UT.

---

[*] In his fifth assignment of error, appellant asserts his trial defense counsel were ineffective by failing to present alibi evidence. Specifically, appellant claims his defense counsel failed to obtain information from his personnel records showing his deployments, leave forms, and Ms. UT's passport information, all of which would have served to show appellant was not in the same country on the dates Ms. UT alleged she was raped. Further, defense counsel did not follow up on information concerning Ms. UT's blood disorder that made her susceptible to fainting. Appellant also claims his defense counsel failed to call his mother or obtain his training records, testimony and evidence that would have cast doubt on or provided an alibi to the rape charge involving MAJ YL. Appellant's *Grostefon* matters are unsigned and appellant submitted no affidavits, unsworn declarations made under penalty of perjury, or any other signed statements supporting his claim of ineffective assistance of counsel. *See United States v. Axtell*, 72 M.J. 662, 665-66 (Army Ct. Crim. App. 2013). *See also United States v. Gunderman*, 67 M.J. 683, 686-87 (Army Ct. Crim. App. 2009), and *United States v. Ellis*, 47 M.J. 20, 22 (C.A.A.F. 1997).

Appellant sexually assaulted MAJ YL on divers occasions in Hawaii in 2003. Appellant fails to show how his training records or the testimony of his mother would prove these assaults did not occur. He sexually assaulted Ms. UT on multiple occasions on three continents from 2005 to 2013. Appellant fails to show how the records of his deployments, leave forms, and Ms. UT's passport information would serve as an alibi for each of the multiple assaults alleged. Under the circumstances of this case, and based upon the conclusory and nebulous claims of appellant, we see no need to order affidavits from counsel or a fact-finding hearing pursuant to *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967). The facts set forth in appellant's allegations—even if true—"would not result in relief." *United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997). Furthermore, "the appellate filings and the record as a whole 'compellingly demonstrate' the improbability of [appellant's allegations]." *Id.* Applying the first, second and fourth *Ginn* principles to appellant's unsworn submission, we reject appellant's ineffective assistance claim.

2

At the close of evidence on findings, the military judge provided an instruction concerning the use of both charged and uncharged sexual misconduct involving MAJ YL and Ms. UT pursuant to Mil. R. Evid. 413 and 414 as evidence of appellant's propensity to commit the offenses alleged in Charge I. *See* Dep't of Army, Pam. 27-9, Legal Services, Military Judges' Benchbook [hereinafter Benchbook], para. 7-13-1, n.3, 4 (1 Jan. 2010).

## LAW AND DISCUSSION

Appellant argues our superior court's holding in *United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016), is controlling in this case and warrants a reversal of the military judge's findings of guilty and sentence. We disagree.

We review a military judge's decision to admit evidence under Mil. R. Evid. 413 for an abuse of discretion. *United States v. Solomon,* 72 M.J. 176, 179 (C.A.A.F. 2013). "Whether a panel was properly instructed is a question of law we review de novo." *United States v. Ober*, 66 M.J. 393, 405 (C.A.A.F. 2008) (citation omitted). Where an instructional error rises to a constitutional dimension, we review the error to determine if it was harmless beyond a reasonable doubt. *United States v. Kreutzer*, 61 M.J. 293, 298 (C.A.A.F. 2005) (citations omitted). "The inquiry for determining whether constitutional error is harmless beyond a reasonable doubt is whether, beyond a reasonable doubt, the error did not contribute to the defendant's conviction or sentence." *Id.* (citations and internal quotation marks omitted).

Here, the propensity instruction, while modeled on the *Benchbook*, was, in hindsight, improper in light of our superior court's decision in *Hills*. There, the court noted the use of charged misconduct and propensity evidence to prove other charged misconduct pursuant to Mil. R. Evid. 413 was improper. *Hills*, 75 M.J. at 356 ("It is antithetical to the presumption of innocence to suggest that conduct of which an accused is presumed innocent may be used to show a propensity to have committed other conduct of which he is presumed innocent.").

While we find the military judge's instruction created an error rising to a constitutional dimension, the similarity between *Hills* and this case ends with the propensity instruction. In *Hills*, our superior court found it error for the military judge, in a member's trial, to admit charged offenses as Mil. R. Evid. 413 evidence to show an appellant's propensity to commit the charged offenses. *Hills*, 75 M.J. at 357-58.

*Hills* involved two offenses against a single victim that occurred over the span of two hours on one night. The case relied heavily on the testimony of the victim who, at the time of assault, was heavily intoxicated and in and out of consciousness. DNA evidence in the case also proved inconclusive.

3

We have considered our superior court's decision in *Hills* and find the present case is distinguishable on many fronts. Appellant sexually assaulted two victims on multiple occasions. The offenses involving MAJ YL occurred over a period of four months in 2003. The offenses involving Ms. UT occurred on various occasions over an eight-year period, from 2005 to 2013. Additionally, Major (MAJ) YL and Ms. UT's memories of appellant's assault were clear and compelling. As a result, we are convinced beyond a reasonable doubt that the propensity instruction did not contribute to the findings of guilty or appellant's sentence, and any instructional error was harmless beyond a reasonable doubt.

## CONCLUSION

On consideration of the entire record, the findings and sentence as approved by the convening authority are AFFIRMED.

FOR THE COURT:

JOHN P. TAITT
Deputy Clerk of Court