# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, FEBBO, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant CHRISTOPHER D. BUSH**
**United States Army, Appellant**

ARMY 20150610

Headquarters, 82d Airborne Division (Rear) (Provisional) (convened)
Headquarters, 82d Airborne Division (action)
Christopher T. Fredrikson, Military Judge
Lieutenant Colonel Susan K. McConnel, Staff Judge Advocate (pretrial)
Colonel Dean L. Whitford, Staff Judge Advocate (post-trial)

For Appellant: Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA; Captain Patrick J. Scudieri, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Anne C. Hsieh, JA; Lieutenant Colonel Karen J. Borgerding, JA (on brief).

25 April 2017

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A panel composed of officer and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of aggravated sexual assault of a child, one specification of abusive sexual contact with a child, and one specification of obstruction of justice, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 934 (2006 & Supp. II 2009; 2006 & Supp. III 2010; 2006 & Supp. IV 2011) [hereinafter UCMJ]. The panel sentenced appellant to a dishonorable discharge, confinement for fifteen years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged.

Appellant's case is before this court for review under Article 66, UCMJ. Appellate defense counsel raises three errors, one of which merits discussion and relief.[*] After review of the entire record, we find no evidence that appellant's conduct of obstruction of justice was prejudicial to good order and discipline in the armed forces. We provide relief in our decretal paragraph.

## BACKGROUND

Appellant lived on post at Fort Lewis, Washington, with his family, which included his then twelve-year-old daughter BB. In 2009, BB received a diary for her birthday that she would write in by her own account "every time [she] remembered to, when [she] was really upset about something or emotional about something or

---

[*] We have also reviewed those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and they are without merit. Appellant personally asserts, *inter alia*, his trial defense counsel were ineffective because they failed to use multiple documents, ask specific questions, argue unlawful command influence, and file a motion under Military Rule of Evidence 403 to exclude evidence of nonjudicial punishment under Article 15, UCMJ, for driving while intoxicated and drug usage. Appellant submitted no additional affidavits, unsworn declarations made under penalty of perjury, or any signed statements from anyone else supporting his specific claims of ineffective assistance. *See United States v. Axtell*, 72 M.J. 662, 665-66 (Army Ct. Crim. App. 2013). *See also United States v. Gunderman*, 67 M.J. 683, 684, 686-88 (Army Ct. Crim. App. 2009); *United States v. Ellis*, 47 M.J. 20, 22 (C.A.A.F. 1997). The "errors" appellant alleges are tactical decisions reserved for the defense counsel. "[W]e must remain mindful that counsel have wide latitude . . . in making tactical decisions." *United States v. Akbar*, 74 M.J. 364, 379 (C.A.A.F. 2015) (internal quotation marks and citations omitted). Our analysis of counsel's performance is highly deferential. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). We are not to assess counsel's actions through the distortion of hindsight; rather, we are to consider counsel's actions in light of the circumstances of the trial and under the "strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Under the circumstances of this case, we see no need to order affidavits from counsel or a fact-finding hearing pursuant to *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967). The facts in appellant's allegations—even if true—"would not result in relief . . . ." *United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997). Furthermore, "the appellate filings and the record as a whole 'compellingly demonstrate' the improbability of [appellant's allegations.]" *Id.* Applying the first and fourth *Ginn* principles to appellant's submission, we reject appellant's ineffective assistance claim.

something, like, big happened that day." The diary was kept in BB's room. In January 2011, BB showed her mother, KB, an entry she had made in her diary that stated appellant had inserted his penis into BB's vagina.

After confronting appellant, KB took BB to the hospital and met with law enforcement. When KB and BB returned to the home later that evening with a police escort to retrieve some items to include the diary, appellant told KB that he had burned the diary. Remnants of the diary were found on the family grill.

## LAW AND DISCUSSION

In accordance with Article 66(c), UCMJ, we review issues of legal and factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). The test for legal sufficiency is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324, 324 (C.M.A. 1987); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Humpherys*, 57 M.J. 83, 94 (C.A.A.F. 2002). In resolving questions of legal sufficiency, we are "bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001). The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we] are [ourselves] convinced of the accused's guilt beyond a reasonable doubt." *Turner*, 25 M.J. at 325.

The Specification of Charge III is charged in violation of Article 134, UCMJ, with the terminal element charged as prejudicial to good order and discipline. Appellant raises as error, in part, that there is no evidence appellant's conduct was prejudicial to good order and discipline. The government concedes this point and our review of the record discloses no evidence to show appellant's behavior had any impact on the unit.

## CONCLUSION

Having completed our review and in consideration of the entire record, the findings of guilty of Charge III and its Specification are set aside and DISMISSED. The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the error noted, and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), and *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986). First, with the maximum period of confinement decreasing from sixty years to fifty-five years, we find no dramatic change in the penalty landscape or exposure. Second, although appellant

was sentenced by members, this factor carries less weight here because the remaining offenses do not "address service custom, service discrediting conduct or conduct unbecoming." *Winckelmann*, 73 M.J. at 16. Third, the gravamen of appellant's misconduct remains unchanged. Fourth, based on our experience, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial.

After reassessing the sentence based on the errors noted, the entire record, and in accordance with the principles articulated by our superior court, we are confident the panel would have imposed a sentence of at least that which was adjudged, and accordingly we AFFIRM the approved sentence. We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his findings set aside by our decision, are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court