UNITED STATES, Appellee

v.

Bradley W. MARSHALL, Private
U.S. Army, Appellant

No. 08-0779

Crim. App. No. 20060229

United States Court of Appeals for the Armed Forces

Argued April 14, 2009

Decided June 18, 2009

STUCKY, J., delivered the opinion of the Court, in which EFFRON, C.J., and BAKER and ERDMANN, JJ., joined. RYAN, J., filed a separate opinion concurring in the judgment.


Counsel


For Appellant: Captain William Jeremy Stephens (argued); Lieutenant Colonel Matthew M. Miller, Lieutenant Colonel Mark Tellitocci, and Major Bradley M. Voorhees (on brief).


For Appellee: Captain Stephanie R. Cooper (argued); Colonel Denise R. Lind and Captain Philip M. Staten (on brief).


Military Judge: Thomas Berg


**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**

Judge STUCKY delivered the opinion of the Court.

Appellant pled not guilty to escaping from the custody of Captain (CPT) Kreitman but was convicted, by exceptions and substitutions, of escaping from the custody of Staff Sergeant (SSG) Fleming.  We granted review to consider whether the military judge's findings created a fatal variance.  We hold that it did.  We reverse the decision of the United States Army Court of Criminal Appeals and remand for sentence reassessment.

## I.  Background

A military judge sitting as a special court-martial convicted Appellant, in accordance with his pleas, of one specification of failing to go to his appointed place of duty at the time prescribed and two specifications of absenting himself from his unit; wrongfully using marijuana; and disobeying the order of a superior commissioned officer.  Articles 86, 112a, and 90, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 912a, and 890 (2000).  The military judge also convicted Appellant, contrary to his pleas, of escaping from custody.  The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for six months, and forfeiture of $500 pay per month for six months.  The United States Army Court of Criminal Appeals (CCA) affirmed in a summary disposition over the dissent of Judge Chiarella.  United States v. Marshall, No. ARMY 20060229 (A. Ct. Crim. App. June 30, 2008).

## II. Facts

The Government alleged that Appellant "did, at Fort Polk, Louisiana, on or about 19 December 2005, escape from the custody of CPT Kelvin K. Kreitman, a person authorized to apprehend the accused." The evidence established that CPT Kreitman directed one SSG Fleming to go to the local police department and assume custody of Appellant from the police. SSG Fleming did so, assuming custody of Appellant and returning him to the company offices. Appellant was told that pretrial confinement orders were being prepared and that, in the meantime, he was to sit down and not leave his seat without an escort. Appellant was permitted to step outside the building to smoke. During one of his smoke breaks, Appellant walked away.

At the conclusion of the Government's case, the defense counsel moved for a finding of not guilty under Rule for Courts-Martial (R.C.M.) 917, asserting that the Government had failed to establish that Appellant escaped from the custody of CPT Kreitman. The military judge denied the motion.

In his closing argument, the defense counsel stated the following concerning the escape from custody allegation:

> Escape from custody. The defense would reiterate that the person he is charged with violating custody from is Captain Kreitman. We have no testimony regarding the actions of Captain Kreitman as it relates to the accused, as it relates to Staff Sergeant Fleming, yes, we do.

3

As far as Captain Kreitman giving the order saying, "You are confined to the limits of this area. You are in custody." We have nothing.

We have the previous counseling statement he got a few days before, which, I guess, would be breaking restriction because he violated that. It's not the same thing as custody. We don't have any testimony whatsoever as to what additional restrictions Captain Kreitman placed upon Private Marshall. In the absence of that, we don't have escape from custody.

The military judge thereafter convicted Appellant, by exceptions and substitutions, of escaping from the custody of SSG Fleming.

### III. Analysis

The Government argues that by failing to object to the finding of guilty by exceptions and substitutions at the time it was announced, Appellant forfeited the issue in the absence of plain error. We do not agree. The purpose of the forfeiture[1] rule is to ensure that the trial judge has the opportunity to rule on issues arising at trial, and to prevent the raising of such issues for the first time on appeal, after any chance to correct them has vanished. United States v. Frady, 456 U.S. 152, 163 (1982); United States v. Reist, 50 M.J. 108, 110 (C.A.A.F. 1999); United States v. Causey, 37 M.J. 308, 311 (C.M.A. 1993). The motion to dismiss under R.C.M. 917 placed the fundamental issue -- whether there was any evidence

---

[1] "Forfeiture" and "waiver," although frequently conflated, are not the same. See United States v. Gladue, 67 M.J. 311, 313 (C.A.A.F. 2009).

that the accused escaped from the custody of CPT Kreitman rather than SSG Fleming -- squarely before the military judge as trier of fact. Once that motion was denied, Appellant had no duty to engage in the empty exercise of repeating the objection after the military judge announced his findings. United States v. Richardson, 1 C.M.A. 558, 567, 4 C.M.R. 150, 159-60 (1952). The issue was preserved.

From the earliest days of this Court, we have held that to prevail on a fatal variance claim, an appellant must show both that the variance was material and that he was substantially prejudiced thereby. United States v. Finch, 64 M.J. 118, 121 (C.A.A.F. 2006); United States v. Hunt, 37 M.J. 344, 347 (C.M.A. 1993); United States v. Lee, 1 M.J. 15, 16 (C.M.A. 1975); United States v. Hopf, 1 C.M.A. 584, 586-87, 5 C.M.R. 12, 14-15 (1952). "A variance that is 'material' is one that, for instance, substantially changes the nature of the offense, increases the seriousness of the offense, or increases the punishment of the offense." Finch, 64 M.J. at 121 (citing United States v. Teffeau, 58 M.J. 62, 66 (C.A.A.F. 2003)). A variance can prejudice an appellant by (1) putting "him at risk of another prosecution for the same conduct," (2) misleading him "to the extent that he has been unable adequately to prepare for trial," or (3) denying him "the opportunity to defend against the charge." Teffeau, 58 M.J. at 67.

United States v. Marshall, No. 08-0779/AR

The elements of escape from custody under Article 95, UCMJ, 10 U.S.C. § 895 (2000), are as follows:

(a)  That a certain person apprehended the accused;
(b)  That said person was authorized to apprehend the accused; and
(c)  That the accused freed himself or herself from custody before being released by proper authority.

Manual for Courts-Martial, United States pt. IV, para. 19.b(4) (2005 ed.) (MCM).

Here, Appellant was charged with escaping from the custody of CPT Kreitman. Assuming, arguendo, that CPT Kreitman was in fact authorized to apprehend Appellant, no evidence was presented that Appellant was in his custody at any time. In response to the R.C.M. 917 motion, the Government attempted to argue an agency theory that SSG Fleming was ordered by the captain to place Appellant in custody. The military judge denied the motion, and later found that Appellant had escaped from SSG Fleming.

At trial and on appeal, the Government has argued that the substitution of SSG Fleming for CPT Kreitman created only a minor variance, similar to the changes in Hopf and Finch. Appellant's case is different and requires a different result.

In Hopf, the appellant was convicted of aggravated assault on a named Korean male, but the court substituted for the victim's name the term "unknown Korean male," when the victim was unable to testify due to his injuries and the two American

6

soldiers who witnessed the assault did not know the victim's name.  1 C.M.A. at 586, 5 C.M.R. at 14.  This Court concluded the variance was not fatal because neither the nature nor identity of the offense was changed.  Id.  The appellant was convicted of the same assault for which he was charged, and the defense preparations to meet the charge were unaffected.  Id.

The appellant in Finch was charged with conspiracy to commit the offense of providing alcoholic beverages to a person enrolled in the delayed-entry program, in violation of a general order.  Id. at 119-20.  The military judge found the appellant guilty of the offense but substituted a different location for the place at which the overt act in furtherance of the conspiracy was alleged to have occurred.  Id. at 120-21.  We held this change did not result in a major variance.  "Although an overt act is an element of the offense of conspiracy, it is not the core of the offense" and did not "substantially change the nature or seriousness of the offense or increase the punishment to which Appellant was subject."  Id. at 122 (citations omitted).

On the facts in this case, we are convinced the substitution was material.  The military judge convicted Appellant by exceptions and substitutions of an offense that was substantially different from that described in the specification upon which he was arraigned.  See Teffeau, 58 M.J. at 67.

Although the nature of the offense remained the same -- escape from custody -- by substituting SSG Fleming for CPT Kreitman as the custodian from whom Appellant escaped, the military judge changed the identity of the offense against which the accused had to defend.  This denied him the "opportunity to defend against the charge."  Id.

Having found the variance to be material, we must test for prejudice.  Appellant argues that the military judge's findings by exceptions and substitutions "gave the appellant no chance to defend himself against this new charge."  The Government argues that there is no prejudice, because regardless of whose custody he escaped from, there was only one event, Appellant knew the nature of the offense, and was able to defend against it.  We disagree.  Appellant was charged with escaping from CPT Kreitman's custody; the Government presented no evidence that he was in the captain's custody, but attempted to prove that SSG Fleming was acting as CPT Kreitman's agent; the military judge found Appellant guilty by exceptions and substitutions of escaping from SSG Fleming's custody.  Had he known that he would be called upon to refute an agency theory or to defend against a charge that he escaped from SSG Fleming, Appellant is unlikely to have focused his defense and his closing argument on the lack of evidence that CPT Kreitman placed him in custody or that he escaped from the custody of CPT Kreitman.  "Fundamental due

process demands that an accused be afforded the opportunity to defend against a charge before a conviction on the basis of that charge can be sustained." Teffeau, 58 M.J. at 67; accord Dunn v. United States, 442 U.S. 100, 106-07 (1979). Under these circumstances, we do not believe that Appellant could have anticipated being forced to defend against the charge of which he was ultimately convicted.[2] Accordingly, we find the material variance prejudiced Appellant such that the military judge's finding by exceptions and substitutions cannot stand.[3]

## IV. Decision

The decision of the United States Army Court of Criminal Appeals is set aside as to the findings of guilty to Charge III and its specification and the sentence. Charge III and its specification are dismissed. The remaining findings of guilty are affirmed. The case is returned to the Judge Advocate General of the Army for remand to the CCA for sentence reassessment.

---

[2] We need not address the Government's double jeopardy argument as the two prongs of the prejudice test are alternatives. Teffeau, 58 M.J. at 67 n.2.

[3] The Government also argues that it is immaterial from whom Appellant escaped, because the escape was wrongful in any event. The fact that two alternative theories of a case may both involve criminal conduct does not relieve the government of its due process obligations of notice to the accused and proof beyond a reasonable doubt of the offense alleged. See United States v. Ellsey, 16 C.M.A. 455, 458-59, 37 C.M.R. 75, 78-79 (1966).

United States v. Marshall, No. 08-0779/AR

RYAN, J. (concurring in the judgment):

I write separately because I disagree that Appellant's Rule for Courts-Martial (R.C.M.) 917 motion for a finding of not guilty preserved the issue of fatal variance for appeal by placing the "fundamental issue . . . squarely before the military judge." United States v. Marshall, __ M.J. __ (4-5) (C.A.A.F. 2009). Appellant's R.C.M. 917 motion at trial and Appellant's argument before this Court -- that the military judge created a fatal variance -- address two separate legal issues. In my view, because Appellant failed to object to the variance when the military judge announced his findings, Appellant forfeited the issue absent plain error. See United States v. Finch, 64 M.J. 118, 121 (C.A.A.F. 2006) (stating that if trial defense counsel fails to object to findings by exception and substitution at trial, the issue is waived and may only be reviewed on appeal if the appellate court establishes plain error); see also R.C.M. 905(e) ("Other motions, requests, defenses, or objections, except lack of jurisdiction or failure of a charge to allege an offense, must be raised before the court-martial is adjourned for that case and, unless otherwise provided in this Manual, failure to do so shall constitute waiver."). But because I believe that the military judge's exception and substitution was error, that the error was plain

and obvious, and that Appellant was materially prejudiced by it, I concur in the judgment.

The Court granted the issue, "Whether the military judge's finding by exceptions and substitutions created a material fatal variance in Charge III and its specification (escape from custody)." Although the same factual circumstances underlie Appellant's R.C.M. 917 motion and the granted issue, the legal tests and standards of review for the legal issues involved are distinct. When considering whether a military judge should grant a R.C.M. 917 motion, "the test is whether 'there is any substantial evidence before the court which, together with all justifiable inferences to be drawn therefrom, reasonably tends to establish every essential element of these offenses.'" United States v. Davis, 37 M.J. 152, 153 (C.M.A. 1993) (quoting United States v. Tobin, 17 C.M.A. 625, 628-29, 38 C.M.R. 423, 426-27 (1968)). In contrast, as correctly stated by the majority, "to prevail on a fatal variance claim, an appellant must show both that the variance was material and that he was substantially prejudiced thereby." Marshall, __ M.J. at __ (5) (citing United States v. Hunt, 37 M.J. 344, 347 (C.M.A. 1993)).

Appellant's R.C.M. 917 motion for a finding of not guilty raised the issue whether there was substantial evidence to establish every element of the charged offense. The motion undoubtedly put the military judge on notice that the evidence

2

was insufficient to convict Appellant of the escape from custody offense, as that offense had been charged.  Although the military judge denied the motion, he subsequently found guilt by exception and substitution, something he is explicitly authorized to do.  See R.C.M. 918(a)(1) (listing as one of the permissible general findings to a specification, "guilty with exceptions, . . . not guilty of the exceptions, but guilty of the substitutions").  What the military judge was not allowed to do was create a fatal variance by exception and substitution -- one that is both material and prejudices the accused.  United States v. Teffeau, 58 M.J. 62, 66 (C.A.A.F. 2003).  Appellant had a duty to object to the findings when they were announced.  Finch, 64 M.J. at 121.  Having failed to object, I believe that Appellant forfeited the issue absent plain error.  Id.

I would, however, hold that Appellant has established that an error was committed, that the error was plain, and that it resulted in material prejudice to his substantial rights.  See United States v. Maynard, 66 M.J. 242, 244 (C.A.A.F. 2008) (stating the three prongs of this Court's plain error test).  As demonstrated by the majority's analysis, the first and third prongs of the plain error test have been satisfied.  Turning to the second prong, the military judge was already on notice from both Appellant's R.C.M. 917 motion and defense counsel's closing argument that there were significant problems with Charge III

3

and its specification.  It should have been obvious to the military judge that it was error to change the nature and identity of the offense and thus deny Appellant the opportunity to defend against the charge.  See Teffeau, 58 M.J. at 67 (listing three ways a material variance can prejudice an accused).

I respectfully concur in the judgment.