UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 TOZZI, HAM, and JOHNSON
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private E1 BRADLEY W. MARSHALL
 United States Army, Appellant

 ARMY 20060229

 Headquarters, Joint Readiness Training Center and Fort Polk
 Thomas Berg, Military Judge
 Lieutenant Colonel James W. Herring, Staff Judge Advocate

For Appellant: Major Teresa L. Raymond, JA; Major Mark I. Goodman, JA (on
brief).

For Appellee: Colonel John W. Miller II, JA; Major Elizabeth G. Marotta,
JA; Captain Michael C. Friess, JA; Captain James T. Dehn, JA (on brief).

 30 July 2009

 -----------------------------------------------------------------
 SUMMARY DISPOSITION ON FURTHER REVIEW
 -----------------------------------------------------------------

Per Curiam:

 On 18 June 2009, the United States Court of Appeals for the Armed
Forces (CAAF) reversed this court’s decision in the subject case and set
aside Charge III and its specification, alleging appellant escaped the
custody of Captain KK in violation of Article 95, Uniform Code of Military
Justice, 10 U.S.C. §§ 895 [hereinafter UCMJ], and the sentence. The CAAF
affirmed the remaining findings including one specification of failing to
go to an appointed place of duty at the time prescribed, two specifications
of absence without leave, one specification of disobeying the order of a
superior commissioned officer, and one specification of wrongful use of
marijuana, in violation of Articles 86, 90, and 112a, UCMJ. See United
States v. Marshall, 67 M.J. 418 (C.A.A.F. 2009). The case was returned to
the Judge Advocate General of the Army and remanded to this court for
sentence reassessment.

 The original sentence imposed by the military judge in this case
included a bad-conduct discharge, confinement for six (6) months, and
forfeiture of $500 pay per month for six (6) months. Reassessing the
sentence on the basis of the affirmed findings, the entire record, and in
accordance with the principles of United States v. Sales, 22 M.J. 305
(C.M.A. 1986), and United States v. Moffeit, 63 M.J. 40 (C.A.A.F. 2006), to
include the factors identified by Judge Baker in his concurring opinion,
the court affirms only so much of the sentence as provides for a bad-
conduct discharge, confinement for five (5) months, and forfeiture of $500
pay per month for five (5) months. All rights, privileges, and property,
of which appellant has been deprived by virtue of that portion of his
sentence set aside by this decision, are ordered restored. See UCMJ arts.
58b(c) and 75(a).

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court