BAKER, Chief Judge
(concurring in the result):
I concur in the result for the following reasons. A variance between pleadings and proof exists when evidence at court-martial “establishes the commission of a criminal offense by the accused, but the proof does not conform strictly with the offense alleged in the charge.” United States v. Teffeau, 58 M.J. 62, 66 (C.A.A.F.2003) (citation and internal quotation marks omitted). A variance is material if it “substantially change[s] the nature of the offense or ... inerease[s] the' seriousness of the offense or the maximum punishment for it.” Id. A variance is prejudicial if it places an appellant “at risk of another prosecution for the same conduct” or if it prevented him from “adequately ... preparing] for” court-martial or “denied [him] the opportunity to defend against the charge.” Id. at 67 (citations omitted). Thus, a variance that is both material and prejudicial is deemed to be “fatal,” a rather grim and dramatic way to describe reversible error. United States v. Marshall, 67 M.J. 418, 420 (C.A.A.F.2009) (citations omitted). In short, the purpose of variance analysis is to distinguish between those exceptions and substitutions that merely clarify and correct and those that change the nature of the offense, or the terms of exposure, and thus conflict with due process principles.
A variance occurred in this case when the military judge excepted “Flight TA4B702” and substituted “the flight dedicated to transport Main Body 1 of 54th Engineer Battalion from Ramstein Air Base, Germany, to Manas Air Base, Kyrgyzstan.” Thus, the specification for which Appellant was ultimately convicted read:
In that Sergeant Michael L. Treat, U.S. Army, did, at or near Bamberg, Germany, *338 on or about 17 November 2010, through design, miss the movement of the flight dedicated to transport Main Body 1 of 54th Engineer Battalion from Ramstein Air Base, Germany, to Manas Air Base, Kyrgyzstan[,] with which he was required in the course of duty to move.
However, this variance was not material because the offense remained the same before and after the military judge’s exception and substitution. Appellant was charged with missing movement by missing the flight deploying his unit. The government can charge this offense in a general way, by mode of transport, or in a more specific way, by reference to the movement of a particular unit. How the government charges the offense may depend on whether a unit moved en masse or an individual was ordered to join a unit already deployed. Yet while the government has flexibility in how it charges an Article 87, UCMJ, 10 U.S.C. § 887, offense, it must live with the result; it cannot charge the missing of a flight and then convict an accused for the missing of a unit movement (as opposed to the flight carrying the unit) or the missing of a ship.
Contrary to Appellant’s argument, the exception and substitution in this case did not change the offense from the missing of a flight to the missing of a unit. Appellant was originally charged with missing his flight to Manas Air Base, which was carrying his unit, and he was convicted of missing his flight to Manas Air Base, which was carrying his unit. The military judge’s exception and substitution did no more than accurately describe the flight that Appellant was always charged with missing. The change was akin to correcting the name of the victim on a larceny charge or, by further illustration, to saying, “I missed my flight to Dallas,” rather than “I missed Mohawk Airways Flight 12345, which was en route to Dallas.” The specification also used the language “on or about,” thus making it clear from the outset that it was the missing of a flight and not the particular aircraft used for that flight that formed the gravamen of the offense. As a result, Appellant was on notice regarding the nature of the offense before and after the military judge’s exception and substitution.
In addition, none of the purposes behind material variance doctrine were offended. Appellant is not at risk of another prosecution for the same conduct. He was not misled as to the nature of the offense or unable to prepare adequately for court-martial. Nor was he denied the opportunity to defend against the charge. Marshall, 67 M.J. at 420. In short, the military judge’s substitution did not change the nature of the offense, substantially or at all.