**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**First Lieutenant NICHOLAS W. SMITH**
**United States Air Force**

**ACM 38887**

**27 September 2016**

Sentence adjudged 30 June 2015 by GCM convened at Edwards Air Force base, California.  Military Judge:  Brendon K. Tukey (sitting alone).

Approved Sentence:  Dismissal, confinement for 45 days, and forfeiture of all pay and allowances.

Appellate Counsel for Appellant:  Major Jennifer J. Raab and Captain Patricia Encarnacion Miranda.

Appellate Counsel for the United States:  Gerald R. Bruce, Esquire.

Before

DUBRISKE, J. BROWN, and JOHNSON
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.


JOHNSON, Judge:

In accordance with his pleas, Appellant was found guilty of wrongful use of 3, 4 methylenedioxymethamphetamine (MDMA) on divers occasions, possession of MDMA with intent to distribute, two specifications of conspiracy to distribute MDMA, wrongful use of amphetamine, and solicitation to distribute amphetamine, in violation of Articles 81, 112a, and 134, UCMJ, 10 U.S.C. §§ 881, 912a, 934.[1]  A military judge sitting alone as a

---

[1] During the providence inquiry, Appellant was advised the maximum punishment authorized based on his plea to the original charges and specifications as well as to Specification 1 of the Additional Charge included total forfeiture of

general court-martial sentenced Appellant to a dismissal, confinement for 45 days, and total forfeiture of all pay and allowances.

This case was submitted to us on the merits with no assignment of error. However, certain discrepancies between the pleadings and findings with regard to the use of amphetamine require comment and action on our part.

*Background*

Specification 2 of Charge II alleges Appellant "did, within the continental United States, on or about 1 October 2012, wrongfully use amphetamine, also known as Adderall, a Schedule II controlled substance." In accordance with the terms of his pretrial agreement with the convening authority, Appellant pled guilty, through counsel, to this specification by excepting "on or about 1 October 2012" and substituting therefor "between on or about 1 April 2012 and on or about 30 June 2012." However, the stipulation of fact accompanying the pretrial agreement which the military judge reviewed with Appellant indicated the offense was actually committed between on or about 1 April 2013 and on or about 30 June 2013. Similarly, during the guilty plea inquiry Appellant indicated the offense occurred in the "Spring of 2013."

Neither the military judge nor either party squarely addressed the discrepancy between Appellant's plea on the one hand, and the stipulation of fact and Appellant's statements during the guilty plea inquiry on the other.[2] The military judge compounded the issue when he announced his findings. He found Appellant guilty of Charge II, Specification 2 by excepting the words "on or about 1 October 2013" and substituting therefor "between on or about 1 April 2013 and on or about 30 June 2013." Appellant made no objection to these findings at trial, nor was the matter raised or addressed in the post-trial proceedings. This situation raises two related but distinct issues which we address in turn.

---

all pay and allowances, dismissal, and confinement for 75 years. After accepting Appellant's plea but before entering his findings, the military judge dismissed Specification 1 of the Additional Charge. This had the effect of reducing the maximum period of confinement to 70 years, as correctly reflected in the staff judge advocate's recommendation (SJAR) submitted to the convening authority. The military judge proceeded to make findings on the remaining charges and specifications and decide on a sentence without readdressing the new maximum punishment with Appellant. A guilty plea may be improvident if it is based on an accused's substantial misunderstanding of the maximum possible punishment. *United States v. Mincey*, 42 M.J. 376, 378 (C.A.A.F. 1995). In this case, where the change was to reduce the maximum confinement from 75 to 70 years, and where Appellant's pretrial agreement limited confinement to five months, we find that any misunderstanding by Appellant was not substantial and did not compromise the providence of the plea.

[2] After findings but prior to announcing the sentence, the military judge had a discussion with counsel regarding the pretrial agreement provision calling for Appellant to plead guilty to Specification 2 of Charge II by excepting "on or about 1 October 2012" and substituting therefor "between on or about 1 April 2012 and on or about 30 June 2012." The military judge characterized this as a typographical error and secured concurrence from trial counsel and defense counsel that "2013" vice "2012" had been intended by both parties to the agreement, and that the agreement was still intact. The record indicates at that point the military judge mistakenly believed Appellant pled guilty to committing the offense in 2013 vice 2012, and no one corrected him on this point.

*Variance*

First, the military judge's purported finding that Appellant wrongfully used amphetamine between on or about 1 April 2013 and on or about 30 June 2013, while supported by the stipulation of fact and *Care*[3] inquiry, raises the question of whether there was a material variance from the specification, which charged "on or about 1 October 2012" as well as Appellant's specific plea, which was to "between on or about 1 April 2012 and on or about 30 June 2012." Because no objection was made at trial, we review the military judge's findings by exceptions and substitutions for plain error. *United States v. Finch*, 64 M.J. 118, 121 (C.A.A.F. 2006). The test for plain error seeks to establish: (1) whether there was an error; (2) whether that error was plain, that is, clear or obvious; and (3) whether the plain error affected substantial rights. *Id.* (citing *United States v. Powell*, 49 M.J. 460, 463 (C.A.A.F. 1998)). The test for a fatal variance in findings is whether the variance from the pleading is "material" and whether appellant is "substantially prejudiced." *United States v. Marshall*, 67 M.J. 418, 420 (C.A.A.F. 2009). A variance is "material" if it substantially changes the nature of the offense, increases the seriousness of the offense, or increases the punishment. *Id.* Examples of "substantial prejudice" include putting the accused at risk of another prosecution for the same conduct, misleading the defense such that the accused is not able to adequately prepare for trial, or having the effect of denying the accused the opportunity to defend against the charge. *Id.*

Without deciding whether, under the circumstances of this case, the military judge's substitution was a material variance from the specification or from Appellant's plea, we find no substantial prejudice to Appellant. The military judge's finding does not expose Appellant to another prosecution for using amphetamine on or about 1 October 2012 as alleged. Moreover, the finding did not prejudice Appellant's ability to prepare for the trial or defend against the allegations. The timeframe Appellant was convicted of was the same as that identified in the stipulation of fact agreed to by Appellant, and it matches the "Spring of 2013" timeframe Appellant described during the *Care* inquiry. Although the terms of the pretrial agreement called for Appellant to plead, by exceptions and substitutions, to committing the offense between on or about 1 April 2012 and on or about 30 June 2012, before the sentence was announced the defense counsel and trial counsel agreed that the pretrial agreement should have read "2013" vice "2012." Thus, Appellant was convicted of committing the offense between the dates he himself described to the military judge in the stipulation of fact and providence inquiry. Therefore, there was no substantial prejudice to Appellant, and, consequently, no fatal variance or plain error requiring correction by this court.

---

[3] *United States v. Care*, 40 C.M.R 247 (C.M.A. 1969).

*Erroneous Finding by Exceptions*

However, this brings us to a second and distinct issue which does require correction. The military judge purported to except "on or about 1 October 2013" from Specification 2 of Charge II. The actual date alleged in the specification is "on or about 1 October 2012." Because the military judge excepted "on or about 1 October 2013" and then found Appellant guilty of all the unexcepted language, he in effect found Appellant guilty of committing the offense on or about 1 October 2012, in addition to between on or about 1 April 2013 and on or about 30 June 2013. Nothing in the record supports a finding Appellant wrongfully used amphetamine on or about 1 October 2012, and it is clear the military judge did not intend such a finding. Accordingly, we exercise our authority under Article 66(c), UCMJ, 10 U.S.C. §866(c), to set aside that portion of the finding with regard to Specification 2 of Charge II that Appellant wrongfully used amphetamine "on or about 1 October 2012."[4]

*Conclusion*

The approved findings, as modified, and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings, as modified, and the sentence are **AFFIRMED**.



FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court

---

[4] We briefly address a final error surrounding the findings in this case. The Report of Result of Trial, which was attached to the SJAR, and provided to the convening authority, inaccurately reports both Appellant's plea and the military judge's finding with respect to Specification 2 of Charge II. Specifically, the document fails to note Appellant's exceptions and substitutions when he pled guilty to the specification; instead, it merely states Appellant pled guilty. In addition, it states the military judge excepted "on or about 1 October 2012" from the specification when, as described above, he purported to except "on or about 1 October 2013." However, in order to grant relief due to an erroneous SJAR, we must find not only error but prejudice to the rights of the accused. *United States v. Van Vliet*, 64 M.J. 539, 542 (A.F.C.C.A. 2006) (citing *United States v. Blodgett*, 20 M.J. 756, 758 (A.F.C.M.R. 1985)). In this case, we discern no prejudice to Appellant. The record contains no suggestion that Appellant failed to abide by the terms of the pretrial agreement, nor is there any other reason to believe an accurate report might have prompted the convening authority to do anything other than approve the findings and sentence as adjudged. We further note that notwithstanding the SJAR error, the subsequent promulgating order accurately states both Appellant's plea and the military judge's finding by exceptions and substitutions.