# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CELTNIEKS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist D'ANTHONY J. WILLIAMS**
**United States Army, Appellant**

ARMY 20140604

United States Army Central
Deidra J. Fleming, Military Judge
Colonel Brendan M. Donahoe, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Charles D. Lozano, JA; Captain Heather L. Tregle, JA; Captain Matthew D. Bernstein, JA (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Michael E. Korte, JA; Captain Austin L. Fenwick, JA (on brief).

21 March 2017

---------------------------------
SUMMARY DISPOSITION
---------------------------------

BURTON, Judge:

In this appeal, we address appellant's claim that his conviction for assault consummated by battery, as set forth in Specification 2 of Charge IV, is legally and factually insufficient because the offense could not have occurred at the location alleged.[1,2]  Seeing this, rather, as an issue of a material variance, and finding no prejudice to appellant, we affirm appellant's conviction.

---

[1] Appellant's other assigned error--that the military judge abused her discretion in failing to merge various specifications for findings—merits neither discussion nor relief.

[2] In an unsworn submission pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), appellant personally asserts, *inter alia*, that his trial defense counsel "failed to prepare him to testify" or prepare him for cross-examination.  However,

(continued . . .)

A military judge sitting as a general court-martial convicted appellant of two specifications of aggravated sexual contact, three specifications of abusive sexual contact, indecent exposure, forcible sodomy and two specifications of assault, in violation of Articles 120, 120c, 125, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 920c, 925, 928 (2012) [hereinafter UCMJ].  The military judge sentenced appellant to a dishonorable discharge, confinement for eight years, and a reduction to the grade of E-1, and credited appellant with 176 days of pretrial confinement.  The convening authority approved the sentence and, in addition, granted appellant an additional 45 days of confinement credit for post-trial processing delays.

This case is before us for review under Article 66(b), UCMJ.

## BACKGROUND

At trial, appellant was found guilty of various offenses against five separate victims, all committed from May to November 2013, while appellant was deployed to Camp Buehring, Kuwait.  All of the specifications--save one--alleged the charged offense occurred at or near Camp Buehring, Kuwait.  The sole specification that

---

(. . . continued)

appellant failed to submit an affidavit, unsworn declaration made under penalty of perjury, or any signed statement detailing how a supposed lack of preparation negatively impacted his testimony.  *See United States v. Cade*, 75 M.J. 923, 929 (Army Ct. Crim. App. 2016).  *See also United States v. Ellis*, 47 M.J. 20, 22 (C.A.A.F. 1997); *United States v. Gunderman*, 67 M.J. 683, 686-88 (Army Ct. Crim. App. 2009).  In his trial testimony, appellant asserted his contacts with each of the victims was consensual and, in some instances, relied on prior consensual encounters to bolster his claims.  Appellant has failed to articulate any specifics on what his counsel could have done in preparation to somehow make his testimony stronger or more credible.

Under the circumstances of this case, we see no need to order affidavits from counsel or a fact-finding hearing pursuant to *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967).  First, the facts in appellant's statement—even if true— "would not result in relief[.]"  *United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997).  He based his defense on a claim the victims consented to the activity underlying each charge.  The military judge chose not to believe his testimony.  Second, appellant's statement contains only "conclusory observations" about his counsel's ineffectiveness.  *Id.*  He doesn't articulate how he was unprepared to testify.  Third, the record as a whole compellingly demonstrates the improbability of appellant's claim that he was not prepared to testify concerning the charges he faced.  Applying the first, second, and fourth *Ginn* principles to appellant's unsworn and unsigned submission, we reject appellant's ineffective assistance claim.

2

differed as to location, Specification 2 of Charge IV, alleged appellant, on or about 1 August 2013, at or near Camp Arifjan, Kuwait, assaulted Specialist (SPC) SA by grabbing her arm and pulling her towards him without her consent.

Camp Buehring is located in northern Kuwait. Camp Arifjan is located in southeastern Kuwait.

Specialist (SPC) SA was deployed to Kuwait from April to December 2013. She knew appellant prior to her deployment. She testified that in August of 2013, she stopped by appellant's office to visit and get her mail. While there, appellant put a piece of fruit in his mouth in an attempt to get SPC SA to kiss him. During this interaction, appellant grabbed her arm. Specialist SA backed away from appellant and eventually left his office. At no time during her testimony did SPC indicate where in Kuwait she deployed or on what installation appellant's office was located.

Appellant's testimony on findings, as well as other evidence, established his office during his deployment was located on Camp Buehring, Kuwait. As for SPC SA, appellant testified SPC SA stopped by his office in August 2013. While she was there, appellant put a piece of dried apple in his mouth and invited her to take a bite. SPC SA declined his offer. He testified he ". . . leaned in to give her a kiss on the cheek like I always do and she was like uh-huh." Appellant denied he ever knowingly touched SPC SA without her consent.

## LAW AND DISCUSSION

As an initial matter, we find the evidence legally and factually sufficient to establish that appellant assaulted SPC SA. We agree with appellate government counsel that the real issue here involves a variance as to the location of the assault. Appellant was found guilty of assaulting SPC SA at Camp Arifjan, Kuwait, which is located a significant distance away from Camp Buehring, Kuwait, where the assault actually occurred.

"A variance between pleadings and proof exists when evidence at trial establishes the commission of a criminal offense by the accused, but the proof does not conform strictly with the offense alleged in the charge." *United States v. Allen*, 50 M.J. 84, 86 (C.A.A.F. 1999). "[T]o prevail on a fatal variance claim, an appellant must show both that the variance was material and that he was substantially prejudiced thereby." *United States v. Marshall*, 67 M.J. 418, 420 (C.A.A.F. 2009) (citations omitted). "A variance that is 'material' is one that, for instance, substantially changes the nature of the offense, increases the seriousness of the offense, or increases the punishment of the offense." *Id.* (quoting *United States v. Finch*, 64 M.J. 118, 121 (C.A.A.F. 1999)). "A variance can prejudice an appellant by (1) putting 'him at risk of another prosecution for the same conduct,' (2) misleading him 'to the extent that he has been unable adequately to prepare for

trial,' or (3) denying him 'the opportunity to defend against the charge.'" *Id.* (citing *United States v. Teffeau*, 58 M.J. 62, 66 (C.A.A.F. 2003).

We are convinced the variance between the alleged location of appellant's assault, Camp Arifjan, Kuwait, and the actual location of the assault, Camp Buehring, Kuwait, represents a material variance under the facts of this case.

Though we find this variance material, we see no possible prejudice to the appellant.

First, the variance in this case does not put appellant at risk for another prosecution for the same conduct. "[P]rotection against double jeopardy can be predicated upon the evidence in the record of the prior prosecution." *United States v. Lee*, 1 M.J. 15, 16 (C.M.A. 1975). The record here clearly establishes appellant was convicted for an assault he perpetrated at Camp Buehring, Kuwait. The similarity of SPC SA's and appellant's testimony and the circumstances surrounding the assault leave no other plausible conclusion.

Second, appellant was not mislead or left flat-footed in the preparation of his defense against this assault specification. Indeed, appellant met the charge head-on during his testimony. He acknowledged he had an encounter with SPC SA in August 2013 and provided detailed testimony concerning the event. Appellant evinced no confusion that he was defending against a claimed assault that occurred at his deployed location. His trial defense counsel did not move for a bill of particulars or discovery for events that occurred at Camp Arifjan. For that matter, trial defense counsel did not make a motion for a finding of not guilty as to this specification when the government rested. In short, neither appellant nor his counsel suffered in this regard from the variance.

Third, the variance did not deny appellant the opportunity to defend against the charge. Appellant, through his testimony, claimed his encounter with SPC SA was consensual. The military judge simply did not believe him.

## CONCLUSION

The findings of guilty and sentence are AFFIRMED.

Senior Judge TOZZI and Judge CELTNIEKS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4