# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant First Class JOHN F. SELLERS, JR.**
**United States Army, Appellant**

ARMY 20150045

Joint Readiness Training Center and Fort Polk
Wade N. Faulkner, Military Judge (arraignment)
Randall L. Fluke, Military Judge (trial)
Colonel Jan E. Aldykiewicz, Staff Judge Advocate (pretrial and recommendation)
Lieutenant Colonel Sean M. Wilson, Acting Staff Judge Advocate (addendum)

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Major Andres Vazquez, Jr., JA; Major Joseph T. Marcee, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie, III, JA; Major Michael Korte, JA; Captain Austin Fenwick, JA (on brief).

20 April 2017

-----------------------------------
MEMORANDUM OPINION
-----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

CAMPANELLA, Senior Judge:

We find no error when the military judge did not sua sponte excuse or further question panel members for implied bias after defense counsel asked the panel a muddled and confusing question and failed to use a peremptory challenge on any of the panel members who may have had "acquaintances" from work who had some experience with domestic violence. Similarly, appellant failed to meet his burden to show defense counsel's voir dire and panel selection rose to the level of ineffective assistance of counsel. Lastly, we disagree with appellant that the panel created a fatal variance by excepting the word "romantic" in finding appellant guilty of a specification that alleged appellant had an inappropriate romantic relationship with a junior enlisted soldier.

SELLERS—ARMY 20150045

A military judge sitting as a general court-martial convicted appellant, pursuant to his plea, of failure to obey a lawful general regulation, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892 (2012) [hereinafter UCMJ]. A panel of officer and enlisted members convicted appellant, contrary to his pleas, of willfully disobeying a superior commissioned officer, stalking, assault consummated by battery, and having an inappropriate relationship in violation of Articles 92, 120a, 128, and 134 UCMJ. The convening authority approved the adjudged sentence of a bad-conduct discharge, thirty months confinement, and reduction to the grade of E-1.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises seven assignments of error, three of which warrant comment, but none of which warrant relief. We find no merit in the matters raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

## BACKGROUND

Appellant was convicted of offenses tantamount to a pattern of domestic abuse towards his former wife. The offenses included breaking her wrist, choking her, stalking her, and failing to comply with his commander's order to not contact her.

In addition to appellant's acts of domestic abuse, appellant was also involved in an inappropriate relationship with Specialist (SPC) SP, a single, junior enlisted soldier who lived with him in his off-post apartment while appellant was still married. Although the government charged appellant with having an inappropriate "romantic" relationship with SPC SP in violation of Article 134, the panel found appellant guilty only of having an "inappropriate relationship" with SPC SP by excepting the word "romantic."

*Voir Dire*

At trial, during voir dire, the military judge asked the court members "[h]as anyone or any member of your family ever been charged with an offense similar to any of those charged in this case?" All court members responded negatively.

The judge then asked the court members "[h]as anyone, or any member of your family, or anyone close to you personally ever been the victim of an offense similar to any of those charged in this case?" All court members answered negatively.

Later in group voir dire, defense counsel engaged in the following exchange with the court members:

2

DC: . . . Have you or anyone close to you been a victim of domestic violence?

*[All members responded negatively.]*

DC:  Have any of you or someone close to you ever witnessed an incident of domestic violence?   OK, positive response from - - -

MEM:  Let me clarify.  When you say close to you, can you explain.  We're all leaders, leadership positions, so please explain.

DC: Yes, sir.  Someone close to you would either be a family member or someone you work with or know through work, not a stranger.  Someone with some type of acquaintance.

MEM:  Can you ask that again?

DC: Yes, sir.  I will ask the question again.  How many of you have witnessed an incident of domestic violence concerning someone close to you, whether it be a family member or someone who is an acquaintance through work?

To this query, defense counsel received a positive response from four members, COL G, LTC T, CPT L, and MSG W.  The defense counsel then asked each of them if they could still hear a case involving domestic violence, to which each indicated they could.

Following group voir dire, defense counsel only asked to individually voir dire one of these four members, who was challenged and removed for cause due to his law enforcement experience.  Defense counsel did not raise a challenge for cause to the remaining three members who had answered in the affirmative to defense counsel's voir dire question concerning domestic violence.  Defense counsel did not exercise a peremptory challenge against any member of the panel.

## LAW AND DISCUSSION

*Sua Sponte Excusal of Members for Cause*

On appeal, appellant asserts the military judge erred by not exercising his sua sponte duty to inquire into the panel members' implied biases and to dismiss panel members based on those biases.  Specifically, appellant's assignment of error

extends to—and we focus our discussion here on—the three members who ultimately sat on the court-martial who answered defense counsel's question concerning domestic violence in the affirmative. We disagree with both the legal and factual basis upon which appellant formed his argument.

First, the military judge had no duty to sua sponte remove these three members from the panel for an implied bias. A military judge "may, in the interest of justice, excuse a member against whom a challenge for cause would lie." Rule for Courts-Martial [hereinafter R.C.M.] 912(f)(4). A military judge has the discretionary authority to sua sponte excuse the member but has no duty to do so. *United States v. McFadden*, 74 M.J. 87, 90 (C.A.A.F. 2015). *See also Jama v. Immigration & Customs Enforcement*, 543 U.S. 335 (2005). Our superior court has told us that the discretionary authority of a military judge to excuse a member sua sponte in the interest of justice is a "drastic action." *United States v. Velez*, 48 M.J. 220, 225 (C.A.A.F. 1998) (quoting R.C.M. 912(f)(4)).

While we review a military judge's decision to remove a member for actual bias for an abuse of discretion—thus affording that decision great deference—we afford less deference to decisions concerning implied bias. *United States v. Strand*, 59 M.J. 455, 458 (C.A.A.F. 2004) (citations omitted); see also *United States v. Akbar*, 74 M.J. 364, 395 (C.A.A.F. 2015) (explaining why the military judge did not abuse his discretionary authority to sua sponte remove members). We review issues of implied bias "under a standard less deferential than abuse of discretion but more deferential than de novo." *Strand*, 59 M.J. at 458 (citation omitted). "In making judgements regarding implied bias, this Court looks at the totality of the factual circumstances." *Id.*

We find the military judge did not err in electing not to further question or remove the three members based on an "implied bias." The military judge asked two unequivocally clear questions to which the entirety of the panel responded negatively. The defense counsel then asked the very clear question "[h]ave you or anyone close to you been a victim of domestic violence?," to which all members responded in the negative. Defense counsel then asked what can be charitably characterized as muddled and confusing questions in an effort to further explore these clear answers by the members. One panel member, who was later excused, asked for clarification twice—but in neither case did defense counsel's follow-on questions serve to clarify the matter. Defense counsel's reframing of the question by interjecting "acquaintances" into the mix, did nothing more than invite confusion. We find the court members' initial triple negative responses to carry the day in this exchange. Given the totality of the questions presented to the three members concerning domestic violence and the members' answers, we find no error by the military judge in not, of his own accord, conducting individual voir dire of these members on the topic of domestic violence, much less in failing to sua sponte remove any of these members for implied bias.

4

Second, the "burden of establishing that grounds for a challenge exist is upon the party making the challenge." R.C.M. 912(f)(3). "The party making a challenge shall state the grounds for it." *Id*. Parties have the right to challenge court members for cause. UCMJ art. 41(a)(1). "A member shall be excused for cause whenever it appears that the member . . . [s]hould not sit as a member in the interest of having a court-martial free from substantial doubt as to legality, fairness, and impartiality." R.C.M. 912(f)(1)(N). A party may challenge a member for cause "during trial when it becomes apparent that a ground for challenge may exist," and a hearing may be held to resolve the issue. R.C.M. 912(f)(2)(B). Here, defense counsel not only passed on individual voir dire of the three members concerning domestic violence, defense counsel did not raise a challenge for cause on this basis. In short, defense counsel did not establish any grounds for a challenge. We will not here divine an unspoken challenge for cause when one was not presented and the military judge reasonably exercised his discretion in not sua sponte delving into a non-existent basis for implied bias.

Third, "failure by the challenging party to exercise a peremptory challenge against any member shall constitute wavier. . . ." R.C.M. 912(f)(4). Defense counsel had an unexercised peremptory challenge but elected not to use it on any member of the panel, much less the three members at issue in this assignment of error.

As we find the military judge committed no error, the defense counsel did not challenge these members for cause, and defense counsel waived any error concerning the exercise of a peremptory challenge, we resolve this issue against appellant.

*Ineffective Assistance of Counsel*

Appellant claims that even if we find the military judge did not err in exercising a sua sponte duty to question the three aforementioned panel members based on implied bias, then the defense counsel was ineffective because his voir dire was inadequate. Appellant also complains defense counsel was ineffective for not exercising a peremptory challenge.

Claims of ineffective assistance of counsel are reviewed de novo. *United States v. Gooch*, 69 M.J. 353, 362 (C.A.A.F. 2011). In evaluating allegations of ineffective assistance of counsel, we apply the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). This standard requires appellant to demonstrate: (1) that counsel's performance was deficient, and (2) that this deficiency resulted in prejudice. *Id* at 687. Appellant must show counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. *Id*. The relevant issue is whether counsel's conduct failed to meet an "objective standard of reasonableness" such that it fell outside the "wide range of professionally competent assistance." *Id*. at 688, 690. On appellate review, there is

a strong presumption that counsel was competent. *United States v. Grigoruk*, 56 M.J. 304, 306-07 (C.A.A.F. 2002) (citing *Strickland*, 466 U.S. at 689).

Even assuming defense counsel was deficient in questioning the members concerning domestic violence, we find appellant has not met his burden to show that any difference in counsel's questioning would have led to a more favorable outcome or one that is more reliable. *See Akbar*, 74 M.J. at 384. Defense counsel's extrapolation of the record during voir dire does not present the full context in which the members responded to the questions. Again, we look to the member's responses to the three clear questions presented to them and we find no fertile ground to cultivate for member biases. We also will not second guess defense counsel's tactical choice to forego using individual voir dire of the members on the issue of domestic violence or the decision to forego use of their peremptory challenge. Appellant's claim of ineffective assistance of counsel fails.[*]

*Fatal Variance and Factual Sufficiency*

Appellant argues the panel's finding that he violated Article 134, UCMJ, by having an inappropriate relationship versus an inappropriate "romantic" relationship, created a fatal variance. We disagree.

Accepting appellant's framing of the issue as one of a fatal variance, "[a] variance between pleadings and proof exists when evidence at trial establishes the commission of a criminal offense by the accused, but the proof does not conform strictly with the offense alleged in the charge." *United States v. Allen*, 50 M.J. 84, 86 (C.A.A.F. 1999). To prove a fatal variance, appellant must show both that the variance was material and that he was substantially prejudiced by the variance. *Id.* (citation omitted). A material variance is "one that, for instance, substantially changes the nature of the offense, increases the seriousness of the offense, or increases the punishment for the offense." *United States v. Marshall*, 67 M.J. 418, 420 (C.A.A.F. 2009) (citation omitted). A variance is prejudicial when it puts appellant at risk of another prosecution for the same conduct, misleads him to the extent he is unable to prepare for trial, or denies him the opportunity to defend against the charge. *Id.* (citing *United States v. Teffeau*, 58 M.J. 62, 67 (C.A.A.F. 2003)).

---

[*] Appellant also asserts ineffective assistance of counsel because defense counsel did not put Article 32 testimony of SPC SP into evidence to show SPC SP denied having a "romantic" relationship with appellant and to show appellant's wife was aggressive. Assuming this was deficient, we find no prejudice. Appellant was not found guilty of having a "romantic" relationship with appellant, thus the Article 32 hearing would not have changed the outcome. Thus, we do not find ineffective assistance.

Minor variances, such as the location or the date an offense was allegedly committed, do not necessarily change the nature of the offense. *United States v. Teffeau*, 58 M.J. 62, 66 (C.A.A.F. 2003). Further, the words "on or about" in relation to the dates alleged in the offense generally connote any time within a few weeks of the "on or about" date. *United States v. Brown*, 34 M.J. 105, 110 (C.M.A. 1992). However, where the major focus of the litigation centers on the time, place, and nature of the interactions between the appellant and others, a variance as to date can result in a material and prejudicial fatal variance. *See United States v. Parker*, 59 M.J. 195 (C.A.A.F. 2003).

In this case, appellant argues the panel's finding substantially changed the nature of the offense and denied him the opportunity to defend against the inappropriate relationship charge. We find no material variance between the charged offense and the panel's finding. In essence, appellant was found guilty of a "lesser-included" offense—and admitted facts as such during his testimony at trial. Even if there was a material variance, appellant was not prejudiced.

First, the change did not alter the punishment to which appellant was exposed. Second, appellant was not prejudiced by the variance and was not misled into being unable to prepare for trial. It is clear from his testimony that he was prepared to address and defend against this charge. Appellant is in no danger of double jeopardy in this case. He is fully protected from being prosecuted for the same offense. The events that formed the basis for the "romantic" relationship charge are the same events that formed the basis for the same inappropriate relationship charge. Accordingly, we find no material variance.

The test for legal sufficiency requires us to review the evidence in the light most favorable to the government. In doing so, if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, the evidence is legally sufficient. That standard is met in this case.

The test for factual sufficiency requires this court to be convinced of the appellant's guilt beyond a reasonable doubt, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses. *United States v. Jimenez-Victoria*, 75 M.J. 768, 768 (Army Ct. Crim. App. 2016); *United States v. Turner*, 25 M.J. 324, 325 (C.A.A.F. 1987). In resolving the question of factual sufficiency, we have carefully reviewed the record of trial, but have given no deference to the factual determinations made at the trial level. *See United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002); *Jimenez-Victoria*, 75 M.J. at 768. Applying these tests, we conclude that the government presented credible evidence that established beyond a reasonable doubt that appellant had an inappropriate relationship with SPC SP.

7

## CONCLUSION

On consideration of the entire record, the findings of guilty and the sentence are AFFIRMED.

Judge HERRING and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court